In the Matter of LEON O'NEILL, Petitioner, against H. WARREN HUBBARD, as City Clerk of the City of New York, Respondent.

Supreme Court, Special Term, Kings County, February 10, 1943.

*Lewis S. Flagg, Jr.,* for petitioner.

*William C. Chanler, Corporation Counsel,* for respondent.

NORTON, J.   In 1931 a spiritual group, known as The Church of Christ Composed of Disciples, was granted a certificate of incorporation by the State of New York, pursuant to the provisions of the Religious Corporations Law.   Petitioner is a duly ordained minister thereof.   In October, 1942, in order to comply with the requirements of section 11-b of the Domestic Relations Law, he applied to have his name registered with the City Clerk of the City of New York as a " person authorized by law to perform the marriage ceremony."   The City Clerk rejected the application upon the ground that petitioner is a minister of a religion which is not listed in the last preceding Federal census.   Petitioner has brought the present proceeding against the City Clerk, pursuant to the provisions of article 78 of the Civil Practice Act, to compel such registration.

The Domestic Relations Law, section 11, subdivision 1, insofar as it is material, states as follows: " No marriage shall be valid unless solemnized by either: 1. A clergyman or minister duly ordained and affiliated with any religion which is listed in the last preceding Federal census of religious bodies, * * *."

Petitioner contends, among other things, that the foregoing provision constitutes an infringement of the organic right to religious freedom as guaranteed by section 3 of article I of the State Constitution.   Therein it is provided that: " The free exercise and enjoyment of religious profession and worship, without discrimination or preference, shall forever be allowed in this State to all mankind; and no person shall be rendered incompetent to be a witness on account of his opinions on matters of religious belief; but the liberty of conscience hereby secured shall not be so construed as to excuse acts of licentiousness, or justify practices inconsistent with the peace or safety of this State."   The legislative objective intended by the enactment of subdivision 1 of section 11 of the Domestic Relations Law is clear.   It obviously contemplates that marriages may not be solemnized by mere philanderers who purport to officiate under the guise of some pseudo-religious faith, but that a ceremony of such reverent character, if in fact the participants seek ecclesiastical sanction, shall be celebrated by an ordained

minister of such religion only as has been given public classification by listing in the last preceding Federal census of religious bodies. The adoption of the census listing as the standard of acceptability, however, renders the statute itself constitutionally unsatisfactory. The Federal census report of religious bodies admittedly does not purport to contain a complete and exhaustive enumeration. (See opinion in *Matter of Saunders* [*Hubbard*], 37 N. Y. S. 2d 341.)

The State of New York duly recognized petitioner's church by according it a charter as a religious corporation in 1931. This recognition reveals the inconsistency of the refusal to register petitioner's name for the purpose here discussed. It discloses the vice which inheres in the statute by the adoption of the Federal census as an exclusive norm by which to determine whether the name of a minister shall be entered in the City Clerk's books as that of a person authorized to solemnize marriages. Under the above-quoted provision of our State Constitution, even an unorganized religious body or sect, though not enumerated by the census taker, is guaranteed the same degree of freedom in religious worship as is assured the larger denominations. " The State has been ever zealous, since its organization, to protect against appearance of an encroachment on the right of free worship of God as the conscience of the citizen may choose and direct." (*Smith* v. *Donahue,* 202 App. Div. 656.) The untrammeled right to entertain any religious belief and to adhere to any religious dogma which does not violate positive enactments of law and which does not flaunt basic concepts of morality is thus guaranteed by organic law. The right to have a marriage solemnized by a minister of one's own faith is an incident of that guarantee. It may not be impaired by the Legislature in the manner here attempted.

The application is granted.