In the Matter of the Estate of SAMUEL SILVERSTEIN, Deceased.

Surrogate's Court, Bronx County, December 10, 1947.

*Howard L. Kuttner* for Pauline Silverstein Fulgenzi, petitioner.

*Abraham A. Katz* for Regina Silverstein, respondent.

HENDERSON, S. This is a petition by one of the children of the decedent's first marriage to revoke limited letters of administration heretofore issued to the respondent. It is alleged that the respondent is not the widow of the decedent and that such representation to the court was a false representation of a material fact.

The court is satisfied from the evidence that in 1939, the decedent and the respondent went through a marriage ceremony which conformed to the Jewish religion and custom, as practiced by the members of the congregation hereinafter referred to. From that time on, they cohabited together.

Shortly after the ceremony and continuously thereafter, both the decedent and the respondent denied that they were married, when questioned specifically with respect thereto by investigators for the Department of Public Welfare of the City of New York. She represented to the Hospital of Joint Diseases in 1943 that she was widowed and unmarried. The decedent represented to the Fordham Hospital that he was a widower and unmarried.

Prior to the marriage ceremony, the decedent was a boarder with the respondent. The respondent was on relief. The decedent was not. Had they admitted their marriage, the respondent would have been removed from the relief rolls. No money would have been received from the city unless it was ascertained upon investigation that the decedent was unable to

support the respondent without assistance from the city. The respondent testified that she denied the marriage upon instructions from the decedent in order that financial aid would continue to be extended to her by the city.

The denials of the marriage by the decedent and the respondent are of no importance under the circumstances because the court is satisfied that such statements were made for the purpose of receiving assistance from the city, to which the recipients did not believe themselves to be entitled.

The petitioner contends that even if the court believes a marriage ceremony took place, it was void because it was not solemnized by a person permitted to do so by statute.

The Domestic Relations Law (§ 11, subd. 1) as it existed at the time of the ceremony (L. 1929, ch. 606), provided that a marriage shall be valid if solemnized by " A clergyman or minister of any religion  *  *  * ".

Section 2 of the Religious Corporations Law defines an " unincorporated church " as " a congregation, society, or other assemblages of persons who are accustomed to statedly meet for divine worship or other religious observances, without having been incorporated for that purpose." The term " minister " is also defined by this section so far as is pertinent as a " rabbi, or other person having authority from  *  *  *  the church, to preside over and direct the spiritual affairs of the church."

Although section 11 of the Domestic Relations Law did not refer to the above-mentioned section of the Religious Corporations Law as it does at the present time, a reference should be made to this section since it appears to be the only statutory definition of the terms with which the court is presently concerned.

The marriage ceremony was performed in a synagogue by a man named Moskowitz who gave the respondent a marriage certificate. It was testified that a congregation of about twenty-five persons regularly worshipped in this synagogue. There is no proof that this congregation formed a part of any of the existing religious movements followed by people of the Jewish faith. Moskowitz was known to them as the rabbi and he regularly performed all the duties of the spiritual leader for this group. He served this congregation from 1933 to 1943. He took over the duties of a man who performed a similar service to the congregation prior to 1933 and he relinquished his charge to one who carried on after 1943. The synagogue is still continuing to serve its congregation. There is no evidence before

me that Moskowitz received authority from any governing body of any denomination or order to act as rabbi. However, such authorization is unnecessary. The " minister " may receive his authority from the synagogue to preside over and direct its spiritual affairs. Moskowitz was the only one to conduct services in this synagogue for a period of ten years. That he received this authority to act as spiritual leader from this congregation is evident from the fact that this group attended services regularly under his spiritual leadership in a building used and set apart by them as a house of worship.

The court finds that Moskowitz was a person authorized by statute to solemnize a marriage, and that the ceremony performed by him for the decedent and the respondent was a valid marriage.

The petition to revoke the limited letters heretofore issued is dismissed.

Settle decree.