JOHN R. LYNCH, ESQ. Mineola, New York
This is in response to your letter of April 26, 1977, requesting an opinion of the Attorney General as to whether or not two members of the East Meadow Church of Christ, Inc., who have been temporarily designated by the Board of Directors, Trustees and Elders of the Church as ministers until a replacement is found for the ordained minister who resigned, can solemnize marriages under the Domestic Relations Law.
Domestic Relations Law, § 11(1), provides as follows:
 "No marriage shall be valid unless solemnized by either:
 "1. A clergyman or minister of any religion, or by the senior leader, or any of the other leaders, of The Society for Ethical Culture in the city of New York, having its principal office in the borough of Manhattan, or by the leader of The Brooklyn Society for Ethical Culture having its principal office in the borough of Brooklyn of the city of New York, or of the Westchester Ethical Society, having its principal office in Westchester county, or of the Ethical Culture Society of Long Island, having its principal office in Nassau county, or of the Riverdale-Yonkers Ethical Society having its principal office in Bronx county, or by the leader of any other Ethical Culture Society affiliated with the American Ethical Union." (Emphasis supplied.)
In Ravenal v. Ravenal, 72 Misc.2d 100 (Supreme Court, New York County, 1972), the Court stated:
 "The constitutional guarantee of freedom of religious worship carries with it the right to have one's marriage solemnized by a minister of one's own faith (Matter of O'Neill v. Hubbard, 180 Misc. 214; Matter of Saunders [Hubbard], 37 N Y So.2d 341). Although there was no evidence of authority from any denomination or order to the person acting as rabbi of a small congregation, he was held to have received his authority as `minister' from the synagogue to preside over and direct its spiritual affairs and, therefore, to have authority to solemnize a marriage (Matter of Silverstein, 190 Misc. 745). The Attorney-General, construing section 11 of the Domestic Relations Law and finding no provision in any statute of this State requiring that a clergyman or minister of any religion be ordained, has stated: 'If, in fact, he is recognized by his church and congregation as a minister of such religious sect, he is authorized to perform the marriage ceremony' (1928 Opns. Atty. Gen. 163, 164)." (Emphasis supplied.)
Where the marriage is to be performed in the City of New York, the minister must register his or her name and address in the office of the City Clerk under section 11-b of the Domestic Relations Law.
From all of the foregoing, we conclude that the two members of the East Meadow Church of Christ, Inc., who have been duly designated by the Board of Directors, Trustees and Elders of the Church as ministers, have authority to perform marriages within the State of New York under the Domestic Relations Law.