OPINION OF THE COURT
Edward J. Greenfield, J.
This CPLR article 78 proceeding seeks to compel the clerk of the City of New York to accept petitioners’ application to permit them to perform marriages.
Petitioners allege that they are ordained ministers of the Universal Life Church Inc. (ULC). Respondent alleges that ministers of the ULC receive no religious training, profess no beliefs to distinguish their church as a religion, and that the “credentials of ministry” may be obtained by mailing a fee to the home of Kirby J. Hensely, the founder of ULC. The fees vary from $2 to $20 and as many as 6,000 such certificates are mailed on some days.
Petitioners do not deny any of the respondent’s allegations, but contend that the refusal to register them to perform marriages is in violation of the First and Fourteenth Amendments of the United States Constitution in that the city clerk is prohibiting them from exercising a right which their church specifically grants them: the right to perform marriages.
*937 The First Amendment to the United States Constitution guarantees individuals the absolute right to believe in any religious doctrine, but the right to act upon or exercise those beliefs is not absolute (Cantwell v Connecticut, 310 US 296). The mere incantation of the words “infringement on religious freedom” does not prevent a court from prohibiting acts done as a religious duty (Reynolds v United States, 98 US 145), nor from enforcing statutes limiting exercise of religious freedom (Prince v Massachusetts, 321 US 158). “[T]he very concept of ordered liberty precludes allowing every person to make his own standards on matters of conduct in which society as a whole has important interests” (Wisconsin v Yoder, 406 US 205, 215-216). Marriage, its licensing, performance and the rights, duties and obligations derived from it, is of paramount importance to the State and subject to its control (Maynard v Hill, 125 US 190) and there is no recognized First Amendment free exercise right to perform marriages (Jones v Bradley, 590 F2d 294).
We find without merit petitioners’ contention that respondent’s refusal to register them to perform marriages was in violation of their free exercise of religion.
Petitioners also urge that respondent’s refusal to register them to perform marriages was arbitrary and capricious.
In deciding whether an administrative action is arbitrary and capricious, the court determines whether the action is without sound basis in reason or without regard to the facts (Matter of Pell v Board of Educ., 34 NY2d 222). In Ravenal v Ravenal (72 Misc 2d 100), the court determined that a ULC minister had no authority to perform marriages. The respondent was a witness in Ravenal (supra) and also brings to the court’s attention two cases from the highest courts of the States of Virginia and North Carolina which have determined that ULC ministers are not authorized to perform marriages in those States. Given the strong State interest in protecting the rights and duties derived from marriage (Maynard v Hill, supra), and the possibility that those marriages might be declared invalid or annulled (as in Ravenal v Ravenal, supra), because a ULC minister performed them, the determination by respondent refusing to register petitioners was not unreasonable. “If reasonable grounds are present, the court, no *938 matter what its opinion, cannot substitute its own for the administrative determination.” (Anonymous v Mellon, 91 Misc 2d 375, 377.)
We therefore hold that respondent’s refusal to register petitioners was neither arbitrary nor capricious. Petitioners’ motion is denied and the petition is dismissed.