DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant Carol B. Dodrill, executor of the estate of James Garfield Dodrill, and her two adult children, cross-appellants James G. Dodrill, II and Gina Dodrill Stelluti, separately appeal the Vinton County Probate Court's judgment, which found that Marie L. Dodrill was the surviving spouse of James Garfield Dodrill ("decedent"). Carol, James and Gina argue that Marie is not the surviving spouse of the decedent because R.C. 3105.12 requires a person described in R.C. 3101.08 to marry a couple. We agree that Marie and the decedent did not strictly comply with R.C. 3105.12 and R.C. 3101.08. However, we find that Marie is the surviving spouse of the decedent because the marriage was voidable, not void. Consequently, the trial court did not err when it granted summary judgment to Marie. Accordingly, we affirm the judgment of the trial court.
 I {¶ 2} On October 13, 1995, the Vinton County Probate Court issued a marriage license to Marie and the decedent. Judy McKee, a minister and the decedent's sister, solemnized the marriage on October 21, 1995 and returned the executed marriage certificate to the probate court. After the marriage ceremony, Marie and the decedent thought that they were legally married.
 {¶ 3} The decedent adopted Marie's three minor children — Kimberly Ann Dodrill, Lauren Marie Dodrill and Garrion Eugene Dodrill. In his petition to adopt the children, the decedent indicated that he was married. Marie and the decedent jointly purchased property and filed joint income tax returns.
 {¶ 4} On September 25, 2000, Marie filed an alimony only action against the decedent in the Jackson County Common Pleas Court. The decedent filed an answer and a counterclaim for divorce. Marie and the decedent indicated that they were married in these pleadings. The court dismissed this case without a final judgment after the decedent died on August 22, 2001.
 {¶ 5} The Vinton County Probate Court appointed Carol, the decedent's former spouse, as the executor of the decedent's estate. Carol filed an action pursuant to R.C. 2107.46, or alternately under R.C. 2123.01 et seq., to determine if Marie is the decedent's surviving spouse in light of the couple's failure to strictly comply with R.C. 3101.08, which requires a licensed minister to obtain a separate license from the Ohio Secretary of State's office to solemnize marriages. Carol named Marie and the decedent's five children (James, Gina, Kimberly, Lauren and Garrion) as defendants in the action. The court appointed a guardian ad litem for Kimberly, Lauren and Garrion.
 {¶ 6} During a deposition, McKee testified that she had obtained a license as a minister from Bishop Storms but did not obtain a second license from the Ohio Secretary of State that allowed her to solemnize marriages in 1995. After discovery, Carol, Marie, James and Gina filed motions for summary judgment. The trial court found that Marie was the decedent's surviving spouse and granted her motion for summary judgment.
 {¶ 7} Carol appeals the trial court's judgment and assigns the following assignment of error: "The Trial Court erred in ruling that Marie L. Dodrill was the spouse of the decedent James Garfield Dodrill." Carol states the issue for our review: "Are the provisions of Ohio Revised Code Section 3105.12 unambiguous so that the statute prohibits a purported marriage where the minister performing the wedding ceremony is not licensed by the State of Ohio to solemnize marriages, even if the couple thereafter behave in all respects as if they were married?" James and Gina also appeal the same judgment and raise the following assignment of error: "The trial court erred in granting the motion for summary judgment of defendant-appellee, Marie L. Dodrill and in denying the motion for summary judgment of cross-appellants."
 II {¶ 8} Carol, James and Gina argue that common law marriages were abolished on October 10, 1991. They maintain that, pursuant to R.C. 3105.12, a man and woman can marry in Ohio only if a person described in R.C. 3101.08 marries them. They claim that the minister that married Marie and the decedent was not a person described in R.C. 3101.08. They then conclude that the marriage never occurred. In essence, they are asserting that Marie and the decedent's marriage is void ab initio. We disagree. Because summary judgment involves a question of law, our review is de novo.
 {¶ 9} Summary judgment is appropriate when the court finds that the following factors have been established: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed in his or her favor. Civ.R. 56. See Bostic v. Connor
(1988), 37 Ohio St.3d 144, 146; Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66; Morehead v.Conley (1991), 75 Ohio App.3d 409, 411. "In reviewing the propriety of summary judgment, an appellate court independently reviews the record to determine if summary judgment is appropriate. Accordingly, we afford no deference to the trial court's decision in answering that legal question." Morehead at 411-12. See, also, Schwartz v. Bank One, Portsmouth, N.A.
(1992), 84 Ohio App.3d 806, 809.
 {¶ 10} The burden of showing that no genuine issue of material fact exists falls upon the party requesting summary judgment. Dresher v. Burt (1996), 75 Ohio St.3d 280, 294, citing Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115. The moving party bears this burden even for issues that the nonmoving party may have the burden of proof at trial. Id. "However, once the movant has supported his motion with appropriate evidentiary materials, the nonmoving party may not rely upon the allegations and/or denials in his pleadings. * * *. He must present evidentiary materials showing that a material issue of fact does exist." Morehead at 413.
 {¶ 11} Here, the parties do not dispute any material fact. Instead, they disagree on whether Marie and the decedent complied with R.C. 3105.12 and R.C. 3101.08.
 {¶ 12} "[T]he marriage of a man and woman may occur in this state only if the marriage is solemnized by a person described in section 3101.08 of the Revised Code and only if the marriage otherwise is in compliance with Chapter 3101. of the Revised Code." R.C. 3105.12(B)(1). "An ordained or licensed minister of any religious society or congregation within this state who is licensed to solemnize marriages, a judge of a county court in accordance with section 1907.18 of the Revised Code, a judge of a municipal court in accordance with section 1901.14 of the Revised Code, a probate judge in accordance with section 2101.27 of the Revised Code, the mayor of a municipal corporation in any county in which such municipal corporation wholly or partly lies, the superintendent of the state school for the deaf, or any religious society in conformity with the rules of its church, may join together as husband and wife any persons who are not prohibited by law from being joined in marriage." R.C. 3101.08.
 {¶ 13} Here, we will assume arguendo that R.C. 3105.12 and R.C. 3101.08 are not ambiguous and that the parties must strictly comply with them. Hence, Marie and the decedent did not comply with R.C. 3105.12 and R.C. 3101.08 because McKee married them without a license to solemnize marriages from the Ohio Secretary of State. Nevertheless, before we can determine if Marie is the decedent's surviving spouse, we must determine if the marriage is voidable or void because the difference between these labels is at the crux of this appeal.
 {¶ 14} "There are major conceptual differences between void and voidable marriages. A voidable marriage is valid when entered and remains valid until either party secures a lawful court order dissolving the marital relationship. By contrast, a void marriage is invalid from its inception, and the parties thereto may simply separate without benefit of a court order of divorce or annulment." (Citations omitted.) Darling v. Darling (1975),44 Ohio App.2d 5, 7.
 {¶ 15} "The policy of the law is to sustain marriages, where they are not incestuous, polygamous, shocking to good morals, unalterably opposed to a well defined public policy, or prohibited." Mazzolini v. Mazzolini (1958), 168 Ohio St. 357,358. Stated differently, Ohio courts label a defective marriage voidable unless such a label is against policy considerations.
 {¶ 16} In Carmichael v. State (1861), 12 Ohio St. 553, the officiating person did not have a license or authority as required by statute to solemnize the marriage. The court did not find that this defect rendered the marriage void because the statute did not expressly say so.
 {¶ 17} A marriage is void when it is against public policy. See In re Marriage License for Nash, 2003-Ohio-7221, Ohio App. 11 Dist., Dec 31, 2003 (public policy prohibited post-operative female-to-male transsexual marriage to biological female); In reStiles Estate (1979), 59 Ohio St.2d 73 (marriage of uncle to his niece was incestuous and void); Johnson v. Wolford (1927),117 Ohio St. 136 (when a person with a living spouse purports to marry again, the second marriage is "void").
 {¶ 18} A defective marriage is voidable when it is not against public policy. See In re Ababseh (Mar. 12, 1996), Mahoning App. No. 95CA179 (a marriage between persons under legal age, but over the common law age of consent, is not void, but only voidable); Soley v. Soley (1995), 101 Ohio App.3d 540
(marriage between first cousins was voidable, not void) followingMazzolini, supra, at paragraph three of the syllabus ("Although a marriage in Ohio between first cousins is not approved by law, it is not expressly prohibited and made void by any statutory enactment, and, where first cousins by blood, one a resident of Massachusetts and the other a resident of Ohio, are lawfully married in Massachusetts and remove to Ohio to live, such marriage is not void in Ohio, and an action by the Ohio resident instituted in Ohio to annul the marriage on the ground that it is void ab initio can not be maintained.").
 {¶ 19} Other states have addressed the "void" versus "voidable" issue as it relates to a failure to have a legally authorized person solemnize the marriage. Courts in Maryland, Texas, Nebraska and Wisconsin have found the marriage voidable when an unauthorized person solemnizes it. See Knapp v. Knapp
(1925), 149 Md. 263; Holder v. State (1895), 35 Tex.Crim. 19;Haggin v. Haggin (1892), 35 Neb. 375; Martin v. Ryan (1847, Wis.), 2 Pinney 24. Courts in North Carolina, New York and Maine have found this type of marriage void. See State v. Lynch
(1980), 301 N.C. 479; Ravenal v. Ravenal (1972), 72 Misc.2d 100,338 N.Y.S.2d 324; Ligonia v. Buxton (1822), 2 Me. 102.
 {¶ 20} Here, Marie and the decedent's marriage did violate R.C. 3105.12 and R.C. 3101.08. However, their marriage did not violate the public policy of the state of Ohio. For example, Marie and the decedent (1) were not uncle and niece, (2) were not of the same sex and (3) did not have a spouse at the time of the marriage. McKee was a licensed minister who apparently could have properly performed the marriage had she only obtained a second license authorizing her to solemnize marriages from the Ohio Secretary of State. Therefore, we find that the marriage is voidable, not void, and that Marie is the surviving spouse of the decedent. Consequently, we find that the trial court did not err when it granted Marie's motion for summary judgment.
 {¶ 21} Accordingly, we overrule Carol's assignment of error and James and Gina's assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
Abele and Evans, JJ., concur in judgment and opinion.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee/Cross-Appellee Marie L. Dodrill recover from James G. Dodrill, II, Gina Dodrill Stelluti, and Carol B. Dodrill, Executor of the estate of James Garfield Dodrill the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Vinton County Court of Common Pleas, Probate Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, J. and Evans, J.: Concur in Judgment and Opinion.