DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
 {¶ 1} Defendants/Appellants/Cross-Appellees, Smith Family Trust ("Trust"), Smith Land Co. ("Company") and Robert G. Smith ("Smith") (collectively "Developer"), appeal the verdict in favor of Plaintiff/Appellee/Cross-Appellant Glenmoore Builders, Inc. ("Glenmoore") and the order granting summary judgment in favor of Defendants/Appellees the city of Hudson ("City") and the Ohio Department of Natural Resources ("ODNR") by the Summit County Court of Common Pleas.
 {¶ 2} This lawsuit involves a dispute over property owned by Developer consisting of 12.77 acres in an area known as "Block A" of a residential *Page 2 
subdivision known as Woodland Estates located in the vicinity of 2482 Middleton Road in the City ("Subdivision"). At issue are the parties' duties and obligations related to the Subdivision as set forth in an agreement dated August 3, 2005, by and between Glenmoore and Developer ("Agreement").[1]
 {¶ 3} On February 13, 2006, Glenmoore filed suit against Developer, City, and ODNR asserting claims related to the Subdivision for (1) declaratory judgment that it had satisfied its obligations under the Agreement; (2) declaratory judgment related to the parties' obligations under paragraph 10 of the Agreement; (3) declaratory judgment regarding Developer's obligations to meet final grade specifications under the Agreement; (4) breach of the Agreement; (5) breach of an implied agreement; (6) promissory estoppel; (7) fraud; and (8) tortious interference with business relationship/disparagement. Developer asserted six counterclaims, two of which were later dismissed. Developer's remaining counterclaims included claims for (1) declaratory judgment that Developer properly terminated the Agreement; (2) declaratory judgment that Glenmoore's *Page 3 
notice of lis pendens filing was improper; (3) abuse of process; and (4) malicious civil prosecution.
 {¶ 4} On March 22, 2006, Developer moved for summary judgment on Glenmoore Counts Five and Six (breach of implied agreement and promissory estoppel) and filed a supporting brief on May 1, 2006. Glenmoore opposed Developer's motion for partial summary judgment on April 24, 2006. On April 27, 2006, Glenmoore moved to dismiss Developer Counts Two through Six, which Smith opposed on May 19, 2006. On August 14, 2006, the trial court denied Developer's motion for partial summary judgment as to Glenmoore Counts Five and Six ("Judgment Entry One"), which is the subject of Developer's assignment of error III. On September 6, 2006, Developer moved the trial court to reconsider Judgment Entry One and Glenmoore opposed it. The trial court denied the motion for reconsideration on September 21, 2006. This denial is also the subject of Developer's assignment of error III.
 {¶ 5} On August 18, 2006, the City filed a motion for summary judgment on Glenmoore Count Two and Developer filed a motion for summary judgment on Glenmoore Counts One, Two, Three, Four and Seven and on Developer Counts One and Two. On August 21, 2006, Glenmoore filed a motion for partial summary judgment on Glenmoore Counts One, Two and Three and on Developer Count One. Also on August 21, 2006, ODNR filed its motion for summary *Page 4 
judgment as to Glenmoore Count Two. All parties responded to each other's motions.
 {¶ 6} On September 8, 2006, the trial court dismissed Developer's Count Two (declaratory judgment that notice of lis pendens improper), but denied Glenmoore's motion to dismiss Developer's Counts Five and Six (abuse of process and malicious prosecution).
 {¶ 7} On September 13, 2006, the trial court granted the City and ODNR's motions for summary judgment as to Glenmoore Count Two ("Judgment Entry Two"), which is the subject of Developer's assignment of error II.
 {¶ 8} On September 21, 2006, the trial court denied Glenmoore and Developer's motions for summary judgment ("Judgment Entry Three"), which is the subject of Developer's assignment of error I.
 {¶ 9} On November 6, 2006, trial commenced and on November 13, 2006, the jury issued a verdict in favor of Glenmoore ("Judgment Entry Four"). On November 30, 2006, a hearing was held before the trial court to determine Glenmoore's remedies. Subsequent thereto, the trial court issued a judgment entry on January 10, 2007 ("Judgment Entry Five"). On January 16, 2007, Glenmoore moved the trial court for an entry of amended and restated order nunc pro tunc asking the trial court to "correct" paragraph 10 of Judgment Entry Four to acknowledge the parties' stipulations that the issue of lost profits would be reserved for a later date, which motion Developer opposed in conjunction with *Page 5 
moving the trial court to set aside the stipulations. On February 15, 2007, the court declined to set aside the stipulations.
 {¶ 10} On January 24, 2007, Developer moved for judgment notwithstanding the verdict and a motion for new trial. On February 13, 2007, the trial court conducted a hearing on Developer's motion for judgment notwithstanding the verdict, Developer's motion for new trial, and Glenmoore's motion to amend Judgment Entry Four and issue a nunc pro tunc order. Subsequent thereto, on February 15, 2007, the trial court issued an "Order on Nunc Pro Tunc Application of [Glenmoore]" thereby modifying paragraph 10 of Judgment Entry Five ("Judgment Entry Six"), which is the subject of Glenmoore's second assignment of error on cross-appeal.
 {¶ 11} On February 16, 2007, the trial court denied Developer's motion for judgment notwithstanding the verdict and motion for new trial ("Judgment Entry Seven"), which is the subject of Developer's fourth assignment of error.
 {¶ 12} On March 16, 2007 and March 26, 2007, respectively, Developer and Glenmoore appealed to this Court, in Glenmoore Builders, Inc. v.Smith Family Trust, 9th Dist. No. 23639 ("Glenmoore I") On June 21, 2007, we dismissed Glenmoore I concluding that we were without subject matter jurisdiction to hear the appeal because the trial court had "yet to determine several of the claims set forth in the complaint including a request for attorney fees" and *Page 6 
Judgment Entry Four did not contain Civ.R. 54(B) language, thereby leaving this Court without a final and appealable order.
 {¶ 13} On July 6, 2007, Glenmoore moved to amend Judgment Entry Four and then voluntarily dismissed Glenmoore I on July 19, 2007. On August 24, 2007, a hearing was held on Glenmoore's motion to amend and a judgment entry identical to Judgment Entry Four was issued, which added Civ.R. 54(B) language ("Judgment Entry Eight"). Both parties timely appealed Judgment Entry Eight and the other Judgment Entries referenced above. Developer raises five assignments of error and Glenmoore raises three assignments of error on cross-appeal.
 Developer's Assignment of Error I "The trial court erred by denying [Developer's] motion for summary judgment on counts 1, 2, and 4 of the complaint and count 1 of [Developer's] counterclaim" [Judgment Entry Three].
 Developer's Assignment of Error II "In granting [City] and [ODNR]'s summary judgment on count 2, the trial court erred when it held the City may regulate oil and gas wells as there was no claim for that relief before the court." [Judgment Entry Two].
 Developer's Assignment of Error III "The trial court erred by denying [Developer's] motion for summary judgment on counts 5 6 of the complaint and its motion for reconsideration of that denial." [Judgment Entry One]. *Page 7 
 Developer's Assignment of Error IV "The trial court erred by denying [Developer's] motion for judgment notwithstanding the verdict or for a new trial." [Judgment Entry Seven].
 Developer's Assignment of Error V "The jury verdict is against the manifest weight of the evidence." [Judgment Entry Four].
 Cross-Appeal Glenmoore's Assignment of Error I "The trial court erred in directing a verdict against [Glenmoore] on count seven of the complaint (fraud or fraudulent concealment)."
 Glenmoore's Assignment of Error II "The trial court erred when it entered a final appealable order on remand that failed to incorporate the stipulated modifications of paragraph 10 of the original judgment entry reflected in the trial court's nunc pro tune
entry of February 15, 2007." (Emphasis sic) [Judgment Entry Five and Six].
 Glenmoore's Assignment of Error III "The trial court erred when it did not provide instructions, as requested by [Glenmoore], on doctrines of part performance and frustration of purpose."
 {¶ 14} We find that the judgment the parties are appealing from is not a final appealable order pursuant to R.C. 2505.02, and thus, we have no jurisdiction to review the underlying case.
 {¶ 15} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. Accordingly, this Court has jurisdiction to review only final and appealable orders. *Page 8 
See Harkai v. Scherba Industries, Inc. (2000), 136 Ohio App.3d 211, 219. "For a judgment to be final and appealable, the requirements of R.C.2505.02 and Civ.R. 54(B), if applicable, must be satisfied."Konstand v. Barberton, 9th Dist. No. 21651, 2003-Ohio-7187, at ¶ 4, citing Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86,88.
 {¶ 16} This case involves multiple claims and multiple parties and the trial court's order contains Civ. R. 54(B) language; however, the trial court has not yet entered an order reflecting its directed verdict in favor of Developer on Glemoore Count Seven (fraud), which is the subject of Glenmoore's first assignment of error. This claim is so inextricably intertwined with the other claims and issues on appeal that the trial court's attempt to make Judgment Entry Eight final and appealable by simply inserting Civ.R. 54(B) language is ineffective. See Chef ItalianoCorp., 44 Ohio St.3d at 90 (noting that even where 54(B) language is included, "the mandates of R.C. 2505.02 must be met" and noting the general effect of inextricably intertwined claims or counts). See, alsoDodrill v. Prudential Insurance Co., 4th Dist. No. 05CA13,2006-Ohio-3674, at ¶ 10, citing Ollick v. Rice (1984),16 Ohio App.3d 448 (noting that "the appellate court is without jurisdiction to entertain the appeal until all of the intertwined claims are final.");Tremper v. Hahn (Apr. 15, 1993), 4th Dist. No. 92CA2, at *4-5 (noting that the inclusion of "magic Civ.R. 54(B) words * * * does not always mean the judgment is a final appealable order" and finding "[t]he plaintiffs tort claims and *Page 9 
contract claims all arise from the same alleged conduct [and] are inextricably intertwined."); Internat'l Managed Care Strategies, Inc. v.Franciscan Health Partnership, Inc. 1st Dist. No. C-010634, 2002-Ohio-4801, at ¶ 9 (holding that "[w]here claims arise from the same alleged conduct, they are inextricably intertwined and not appealable despite Civ.R. 54(B) certification.").
 {¶ 17} Even if the lack of finality of matter is merely an oversight by the trial court, "only the trial court can correct such error." SeeOllick, 16 Ohio App.3d at 452. Here, the trial court's decision to direct verdict in favor of Developer on Glenmoore's fraud claims and the other entries of the trial court are so "related and interconnected that judicial economy demands" that each be determined fully via judgment entry before this court can assume jurisdiction. Id. The determination of the still-pending fraud claim could affect the remedies of the parties and given the set of operative facts at issue in this appeal, "we cannot see how anything other than a complete adjudication of all claims * * * would facilitate the interests of both judicial economy and justice[.]" See, Countrywide Home Loans Servicing L.P. v. Stultz,161 Ohio App.3d 829, 2005-Ohio-3282, at ¶ 22. We hold that "the issues presented in [Developer's claims] and [Glenmoore's counterclaims] are inextricably intertwined and should be fully [determined] before this court assumes jurisdiction." Id.
 {¶ 18} For the foregoing reasons, we dismiss this appeal for lack of subject matter jurisdiction in that the trial court has not rendered a final appealable order. *Page 10 
Appeal Dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
CARR, P. J., MOORE, J. CONCUR
[1] The Agreement was entered into to resolve a lawsuit between Glenmoore and Developer entitled Glenmore Builders, Inc. v. Smith FamilyTrust, et al., Summit County Case NO. CV-2005-07-4138.
 *Page 1