OPINION *Page 2 
{¶ 1} Plaintiffs-appellants Donna Schwab, Jerry Schwab and Schoenbrun Corporation appeal from the October 26, 2007, Judgment Entry of the Tuscarawas County Court of Common Pleas granting partial summary judgment to defendant-appellee Dale Foland.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In 1998, appellee Dale Foland met David Ballinger, a theatrical producer, through mutual acquaintances. The two discussed producing a musical named Swingstep, "which was to combine swing with stepdancing." Deposition of David Ballinger at 15. Appellee Dale Foland then approached appellees Donna and Jerry Schwab, who were social acquaintances of his, to see if they would "go one half" with him to guarantee the entire production of Swingstep. Deposition of Dale Foland at 50.
 {¶ 3} In 1998, appellee, David Ballinger and appellant Schoenbrun Corporation, which was a holding company owned by appellants Jerry and Donna Schwab, formed a Nevada limited liability company known as Silver Fox Productions, Ltd. to produce Swingstep. The ownership of Silver Fox Productions, Ltd was shared equally between appellee, David Ballinger and appellant Schoenbrun Corporation, its three members. On July 1, 1998, each of the three members signed an Operating Agreement and an Agreement Among Members of Silver Fox Productions, Ltd.
 {¶ 4} The Agreement Among Members of Silver Fox Productions, Ltd. provided that appellee Dale Foland and appellant Schoenbrun Corporation would loan Silver Fox Productions, Ltd. $5,000.00 a month starting in July of 1998 and would split the $5,000.00 start-up costs as well as organizational costs. *Page 3 
 {¶ 5} The budget for Swingstep was $600,000.00. Appellee and the Schwabs agreed to form another entity called Silver Fox I, LLC to raise money for the production of Swingstep.
 {¶ 6} Swingstep opened on June 4, 1999, in Hamilton, Ontario, Canada and was not a financial success. After the two week run in Hamilton, the musical was moved to Myrtle Beach, South Carolina where it ran for the agreed two weeks at a financial loss. Discussions were then had about moving the production to Toronto to open in October of 1999. On June 30, 1999, appellee, David Ballinger and appellants Jerry and Donna Schwab flew on the Schwabs' private plane from New Philadelphia, Ohio to Toronto to investigate a possible venue for moving the production. According to appellant Donna Schwab, as the group was walking from the hangar area to the plane, she overheard appellee tell her husband, appellant Jerry Schwab, that "I will pay you back half of the expenses when I sell my home at Atwood Lake and my house in Ft. Lauderdale." Deposition of Donna Schwab at 199. At the time, appellant Donna Schwab was standing behind her husband.
 {¶ 7} Appellants then advanced approximately $869,000.00 to pay Swingstep's remaining bills from the Myrtle Beach Run and submitted a bill to appellee requesting that he repay one-half as agreed. However, despite the fact that he had sold both of his houses in June of 2000 and June of 2001, appellee refused to pay.
 {¶ 8} Subsequently, on December 30, 2005, appellants filed a complaint against appellee. Appellants, in their complaint, alleged that appellee had, on or about June of 1999, promised appellants that he would pay them one-half of the amount of Silver Fox Production Ltd's debts and expenses, paid by appellants, after he sold his two houses *Page 4 
and that appellee had breached such agreement. Appellants further alleged claims for unjust enrichment and promissory estoppel.
 {¶ 9} On June 1, 2007, appellee filed a Motion for Summary Judgment. Appellee, in his motion, alleged that appellants' claims were barred by the statute of frauds, R.C. 1335.05. Pursuant to a Judgment Entry filed on October 26, 2007, the trial court granted appellee's motion with respect to appellants' breach of contract and unjust enrichment claims. However, the trial court denied appellee's Motion for Summary Judgment with respect to appellants' promissory estoppel claim, finding that such claim was not barred by the statute of frauds. The trial court, in its Judgment Entry, stated that "[p]ursuant to Civ. R. 54(B), there is no just reason for delay."
 {¶ 10} A jury trial on appellants' promissory estoppel claim was held on October 30, 2007. After the jury was unable to reach a verdict, the trial court, as memorialized in a Judgment Entry filed on November 9, 2007, declared a mistrial and ordered that the trial be rescheduled.
 {¶ 11} Appellants now appeal from the trial court's October 26, 2007, Judgment Entry, raising the following assignment of error on appeal:
 {¶ 12} "THE TRIAL COURT ERRED IN GRANTING PARITAL SUMMARY JUDGMENT ON APPELLANTS' BREACH OF CONTRACT CLAIM."
 {¶ 13} As an initial matter, this Court must determine whether the trial court's October 26, 2007, Judgment Entry is a final appealable order ripe for review, which vests this Court with jurisdiction.State ex rel. White v. Cuyahoga Metro. Hous. Aut., 79 Ohio St.3d 543,544, 1997-Ohio-366, 684 N.E.2d 72. Appellate courts have jurisdiction to review the final orders or judgments of lower courts within their appellate districts. *Page 5 
Section 3(B)(2), Article IV, Ohio Constitution. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter and the matter must be dismissed. General Acc. Ins.Co. v. Insurance of North America (1989), 44 Ohio St.3d 17, 20,540 N.E.2d 266.
 {¶ 14} For a court order to be final and appealable, it must satisfy the requirements of R.C. 2505.02, and if the action involves multiple claims and the order does not enter a judgment on all the claims, the order must also satisfy Civ. R. 54(B) by including express language that "there is no just reason for delay." State ex rel. Scruggs v.Sadler, 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101, ¶ 5-7.
 {¶ 15} R.C. Section 2505.02(B)(1) defines a final order, in part, as "an order that affects a substantial right in an action that in effect determines the action and prevents a judgment." "`Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). It involves the notion of a legal right that will be enforced and protected by law.Noble v. Colwell (1984), 44 Ohio St.3d 92, 94, 540 N.E.2d 1381, citingNorth v. Smith (1906), 73 Ohio St. 247, 249, 76 N.E. 619. An order that affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future. Bell v. Mt. Sinai Med. Ctr. (1993), 67 Ohio St.3d 60, 63,616 N.E.2d 181;
 {¶ 16} We conclude the trial court's order granting summary judgment on two of appellants' three counts against appellee does not determine the action because one of appellants' claims against appellee remains pending. See, for example, Salata v. Vallas, 159 Ohio App.3d 108,2004-Ohio-6037, 823 N.E.2d 50, in which the court held that the *Page 6 
trial court's order granting partial summary judgment was not a final appealable order. Furthermore, the trial court's October 26, 2007, Judgment Entry does not prevent appellants from obtaining a favorable judgment against appellee on the remaining count. We find that, therefore, the trial court's October 26, 2007, Judgment Entry was not a final appealable order. See also Palmer v. Pheils, Delaware App. No. 03CAE04025, 2003-Ohio-6114 in which this Court held that an order granting partial summary judgment to the appellees was not a final appealable order.
 {¶ 17} We are aware that the trial court, in its October 26, 2007, Judgment Entry, included Civ. R. 54(B) language. However, the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order. Noble v. Colwell (1989),44 Ohio St.3d 92, 96, 540 N.E.2d 1381.
 {¶ 18} Civ. R. 54(B) states as follows: "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *Page 7 
 {¶ 19} As is stated above, in the case sub judice, the trial court included Civ. R. 54(B) language in its entry. The trial court, in such entry, granted appellee's Motion for Summary Judgment with respect to appellants' breach of contract and unjust enrichment claims but denied appellee's Motion for Summary Judgment with respect to appellants' promissory estoppel claim. Such claim, therefore, remains pending.
 {¶ 20} The three claims in the case sub judice were not factually separate and did not require proof of different facts, but were intertwined. The claims all stemmed from the same alleged conduct. Moreover, in all three claims, appellants sought the same exact relief (judgment against appellee in an amount in excess of $431,000.00). Only the theories of recovery were different. We find, therefore, that the inclusion of Civ. R. 54(B) language in the trial court's order did not render the October 26, 2007, Judgment Entry final or appealable because the remaining claim is so "inextricably intertwined with the other claims and issues on appeal" that the trial court's attempt to make the October 26, 2007, Judgment Entry a final and appealable order by simply inserting Civ. R. 54(B) language is ineffective. See Glenmoore Builders,Inc. v. Smith Family Trust, Summit App. No. 23879, 2008-Ohio-1379
at paragraph 16. In Glenmoore, the court specifically stated, in relevant part, as follows: "This claim is so inextricably intertwined with the other claims and issues on appeal that the trial court's attempt to make Judgment Entry Eight final and appealable by simply inserting Civ. R. 54(B) language is ineffective. See Chef Italiano Corp. [v. Kent StateUniversity] 44 Ohio St.3d at 90 (noting that even where 54(B) language is included, `the mandates of R.C. 2505.02 must be met' and noting the general effect of inextricably intertwined claims or counts). See, alsoDodrill v. Prudential Insurance Co., 4th Dist. No. 05CA13,2006-Ohio-3674, *Page 8 
at ¶ 10, citing Ollick v. Rice (1984), 16 Ohio App.3d 448 (noting that `the appellate court is without jurisdiction to entertain the appeal until all of the intertwined claims are final.'); Tremper v. Hahn (Apr. 15, 1993), 4th Dist. No. 92CA2, at *4-5 (noting that the inclusion of `magic Civ. R. 54(B) words * * * does not always mean the judgment is a final appealable order' and finding `[t]he plaintiff's tort claims and contract claims all arise from the same alleged conduct [and] are inextricably intertwined'); Internat'l Managed Care Strategies, Inc. v.Franciscan Health Partnership, Inc. 1st Dist. No. C-010634, 2002-Ohio-4801, at ¶ 9 (holding that `[w]here claims arise from the same alleged conduct, they are inextricably intertwined and not appealable despite Civ. R. 54(B) certification')." Glenmoore Builders, Inc., supra at paragraph 16.
 {¶ 21} In short, we find that the trial court's October 26, 2007, Judgment Entry granting partial summary judgment in favor of appellee is not a final appealable order. As such, this Court lacks jurisdiction to review the same.
 {¶ 22} The appeal is, therefore, dismissed.
Edwards, J., Hoffman, P.J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is dismissed. Costs assessed to appellants.
 JUDGMENT ENTRY NUNC PRO TUNC
The Judgment Entry filed on July 24, 2008, in the above referenced case shall reflect that for the reasons stated in our accompanying Memorandum-Opinion on file, the appeal is dismissed, and the judgment of the trial court remains in effect. Costs assessed to appellants.
 IT IS SO ORDERED. *Page 1