[Cite as *Van Horn v. Dutch Ridge Land Co., L.L.C.*, 2016-Ohio-2702.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                        |   | JUDGES:                        |
|------------------------|---|--------------------------------|
| TIM VAN HORN           | : | Hon. W. Scott Gwin, P.J.       |
|                        | : | Hon. William B. Hoffman, J.    |
| Plaintiff-Appellee     | : | Hon. Craig R. Baldwin, J.      |
|                        | : |                                |
| -vs-                   | : |                                |
|                        | : | Case No. 15AP0010              |
| DUTCH RIDGE LAND       | : |                                |
| COMPANY, LLC           | : |                                |
|                        | : | O P I N I O N                  |
| Defendant-Appellant    |   |                                |

CHARACTER OF PROCEEDING: Civil appeal from the Morgan County Court of Common Pleas, Case No. 13CV0209

JUDGMENT: Dismissed

DATE OF JUDGMENT ENTRY: April 25, 2016

APPEARANCES:

For Plaintiff-Appellee

RICHARD WELCH
108 East Liberty Avenue
McConnelsville, OH 43756

For Defendant-Appellant

JOHN WELLS
P.O. Box 419
McConnelsville, OH 43756

*Gwin, P.J.*

{¶1} Appellant appeals the August 11, 2015 judgment entry of the Morgan County Court of Common Pleas granting appellee's motion for partial summary judgment and remanding the matter to the Trustees of Union Township for further proceedings.

*Facts & Procedural History*

{¶2} Appellant Dutch Ridge Land Company, LLC and appellee Tim Van Horn own adjacent parcels of real estate in Union Township, Morgan County, Ohio.

{¶3} On May 12, 2013, appellee filed two line fence complaints against appellant with the Union Township Board of Trustees. The first complaint sought an order from the trustees to enforce a 1972 trustee assignment between the landowners' predecessors in title and an order for the parties to share equally in the cost of repairing the partition fence covered by the assignment. The second complaint involved a portion of the fence on the boundary line between the properties not covered by the 1972 assignment, and sought equal allocation of the cost of building a new fence and the cost of repairing the fence between appellant and appellee. The Union Township Trustees rejected appellee's request to enforce the 1972 assignment and voted to assign one-hundred percent of the construction of the new partition fence to appellee.

{¶4} On December 12, 2013, appellee appealed both complaints to the Morgan County Court of Common Pleas. The complaints were combined into one case. After denying appellant's motion to dismiss, the trial court allowed appellee to proceed with the matter as a direct appeal pursuant to R.C. 2506.01.

{¶5} Appellee filed a motion for partial summary judgment on July 13, 2015. Appellee sought partial summary judgment on issues related to the applicability of the

1972 Assignment of Trustees in Partition Fence to the instant case. Appellee argued there were no genuine issues of material fact as to the existence or legality of the 1972 Assignment. Appellant filed a response to appellee's motion on July 22, 2015.

{¶6} The trial court issued a judgment entry on August 11, 2015. The trial court granted appellee's motion for partial summary judgment as to the previously divided fence, finding all issues with regards to the 1972 division are res judicata and governed by the law of the case. Further, the trial court remanded the matter to the Union Township Trustees for further proceedings to make a division of the portion of the fence not covered in the 1972 division; the trial court stated the matter was then subject to appeal to the trial court as to the portion of the fence not divided in 1972. The trial court ordered the trustees to provide a report as to the division of the fence not divided in 1972. Finally, the trial court cancelled the final hearing in the case pending the report of the trustees and stated it would set a pre-trial hearing after receiving the trustees' report. The trial court did not include Civil Rule 54(B) language in its judgment entry.

{¶7} Appellant appeals the August 11, 2015 judgment entry of the Morgan County Court of Common Pleas and assigns the following as error:

{¶8} "I. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF/APPELLEES' MOTION FOR SUMMARY JUDGMENT.

{¶9} "II. THE TRIAL COURT ERRED BY REMANDING ANY PORTION OF THE PROCEEDINGS TO THE TRUSTEES OF UNION TOWNSHIP FOR FURTHER PROCEEDINGS."

*Final Appealable Order*

{¶10}  Appellee argues appellant's arguments are premature as the August 11, 2015 judgment entry is not a final, appealable order.  Thus, as a preliminary matter, we must determine whether the order under review is a final, appealable order.  If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it.  See *Gen. Acc. Ins. Co. v. Ins. Co. of N. America*, 44 Ohio St.3d 17, 540 N.E.2d 266 (1989).

{¶11}  Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments.  See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. To be final and appealable, an order must comply with R.C. 2505.02 and Civ.R. 54(B), if applicable.  R.C. 2502.02(B) provides the following in pertinent part:

(B)  An order is a final order that may be reviewed, affirmed, modified, or reversed, without or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment. * * *

{¶12}  To qualify as final and appealable, the trial court's order must satisfy the requirements of R.C. 2505.02, and if the action involves multiple claims and/or multiple parties and the order does not enter judgment on all the claims and/or as to all parties, as is the case here, the order must also satisfy Civil Rule 54(B) by including express language that "there is no just reason for delay."  *Int'l. Brotherhood of Electrical Workers,*

*Local Union No. 8 v. Vaughn Indus., LLC*, 116 Ohio St.3d 335, 2007-Ohio-6439, 879 N.E.2d 101.  However, we note that "the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order."  *Noble v. Colwell*, 44 Ohio St.3d 92, 540 N.E.2d 1381 (1989).

**{¶13}**  An order granting partial summary judgment in favor of a party does not meet the criteria identified in R.C. 2505.02(B).  *Miklovic v. Shira*, 5th Dist. Knox No. 04-CA-27, 2005-Ohio-3252; *Schwab v. Foland*, 5th Dist. Tuscarawas No. 2007 AP 110073, 2008-Ohio-4061.

**{¶14}**  We conclude the trial court's order granting partial summary judgment does not determine the action.  While the trial court determined the 1972 division was res judicata and law of the case, the trial court did not dispose of appellee's appeal with regards to the portion of the fence not covered in the 1972 division.  Rather, the trial court remanded the issue to the trustees for a report, retained jurisdiction of the matter, and provided it would hold a pre-trial after the trustees filed their report.  Accordingly, the trial court's entry did not determine the action because one of appellant's claims remains pending.  Furthermore, the trial court's August 11, 2015 judgment entry does not prevent appellant from obtaining a favorable judgment against appellee on the remaining issue.  Finally, the trial court did not include Civil Rule 54(B) language in its August 11, 2015 judgment entry.  Thus, the grant of partial summary judgment in favor of appellee was not a final appealable order.

{¶15} Based on the foregoing, the judgment appealed from is not a final, appealable order and this Court, therefore, lacks jurisdiction to address the assignments of error. Accordingly, the appeal is dismissed.

By Gwin, P.J.,

Hoffman, J., and

Baldwin, J., concur