[Cite as *Pascoe v. Clearview Local School Dist. Bd. of Edn.*, 2025-Ohio-1134.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| KRISTEN PASCOE | | C.A. No.     24CA012136 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CLEARVIEW LOCAL SCHOOL DISTRICT BOARD OF EDUCATION | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO CASE No.     22CV205255 |
| Appellee | | |

DECISION AND JOURNAL ENTRY

Dated: March 31, 2025

CARR, Judge.

{¶1}     Plaintiff-Appellant Kristen Pascoe appeals from the judgment of the Lorain County Court of Common Pleas which granted partial summary judgment in favor of Defendant-Appellee Clearview Local School District Board of Education ("Clearview"). This Court dismisses the attempted appeal.

I.

{¶2}     Ms. Pascoe was hired in 2008 by Clearview Local Schools to teach family and consumer science to students in grades 9-12 at Clearview High School. In 2009, Ms. Pascoe began experiencing certain symptoms and health issues, which she would later learn were related to fibromyalgia, which she was diagnosed with in 2014.

{¶3}     Following her diagnosis, Ms. Pascoe promptly notified the school principal of her disability and her need for accommodations. Ms. Pascoe later submitted a letter from her physician detailing needed worksite modifications. The parties engaged in the legally-mandated interactive

process during which Ms. Pascoe's requested accommodations were discussed. While some of the 10 listed accommodations were granted, others were not.

{¶4} In November 2014, Ms. Pascoe took a leave from teaching and in December 2014, she filed an application with the State Teachers Retirement System of Ohio ("STRS") requesting disability retirement. Her application was approved in February 2015.

{¶5} Ms. Pascoe initially filed suit against Clearview in 2019 but subsequently dismissed the action without prejudice. She refiled her action in February 2022. In her refiled complaint, Ms. Pascoe alleged that Clearview had discriminated against her in violation of R.C. Chapter 4112. She alleged that fibromyalgia qualified as a disability, Clearview denied several requested reasonable accommodations, denied Ms. Pascoe the opportunity to transfer to a different position, increased her teaching load, cut her budget, and that Clearview's failure to reasonably accommodate Ms. Pascoe caused her retirement.

{¶6} In February 2023, Clearview filed a motion for summary judgment. Ms. Pascoe opposed the motion. In so doing, Ms. Pascoe maintained that genuine issues of material fact remained with respect to her two claims: the failure to accommodate and adverse action discrimination. Ms. Pascoe asserted that she experienced several adverse employment actions, including Clearview cutting her budget and increasing her teaching load; however, she also argued that Clearview's failure to reasonably accommodate her created conditions that forced her to file for disability retirement. Clearview filed a reply.

{¶7} The trial court granted Clearview's motion in part and denied it in part.[1] The trial court determined that genuine issues of material fact remained with respect to Ms. Pascoe's failure

---

[1] The trial court's original May 18, 2023 entry ruling on the motion for summary judgment is not part of this Court's record. Because this Court is not reaching the merits of the trial court's

to accommodate claim. The trial court noted that reasonable minds could reach different conclusions as to whether reasonable accommodations were requested and/or provided. However, the trial court found in favor of Clearview as to Ms. Pascoe's disability discrimination claim based upon adverse actions.

{¶8} Ms. Pascoe moved the trial court to reconsider, and the trial court denied the motion. Ms. Pascoe then requested that the trial court certify the entries pursuant to Civ.R. 54(B). The trial court granted the motion, concluding that the claims were not inextricably intertwined despite acknowledging that the "claims ar[o]se from a common nucleus [of facts] and set of occurrences . . . ."

{¶9} Ms. Pascoe has appealed, raising a single assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY GRANTING PARTIAL SUMMARY JUDGMENT IN FAVOR OF APPELLEE.

{¶10} Ms. Pascoe argues in her sole assignment of error that the trial court erred in granting partial summary judgment to Clearview. This Court cannot reach the merits of her argument.

{¶11} "As a preliminary matter, this Court is obligated to raise sua sponte questions related to our jurisdiction." *Miller Lakes Community Servs. Assn. v. Schmitt*, 2011-Ohio-1295, ¶ 12 (9th Dist.), quoting *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.* (1972), 29 Ohio St.2d 184, 186 (1972).

> This Court has jurisdiction to hear appeals only from final judgments. In the absence of a final, appealable order, this Court must dismiss the appeal for lack of

ruling, we will rely upon copies of the ruling which were filed with the briefs and notice of appeal. This defect should be corrected prior to any subsequent appeal.

subject matter jurisdiction. An order is a final appealable order if it affects a substantial right and in effect determines the action and prevents a judgment.

(Internal quotations and citations omitted.) *Miller Lakes Community Servs. Assn.* at ¶ 12.

**{¶12}** Here, the trial court denied Clearview's motion for summary judgment in part and granted in part. "Historically, an appeal could not be taken until all claims and parties in an action had been disposed of." *Gen. Acc. Ins. Co. v. Ins. Co. of N.A.*, 44 Ohio St.3d 17, 20 (1989). "Civ.R. 54(B) was created to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals – a possibility rendered more likely by procedural rules allowing liberalized joinder of parties and claims." *Id.* "Civ.R. 54(B) applies in multiple-claim or multiple-party actions where fewer than all the claims or fewer than all the parties are adjudicated. If a court enters final judgment as to some but not all of the claims and/or parties, the judgment is a final appealable order only upon the express determination that there is no just reason for delay." *Gen. Acc. Ins. Co.* at 22. Civ.R. 54(B) cannot affect the finality of the order; instead, it allows for the early appeal of final orders. *Id.* at 21. Whether to certify an order pursuant to Civ.R. 54(B) falls within the discretion of the trial court. *See id.* In so doing, "the trial judge makes what is essentially a factual determination – whether an interlocutory appeal is consistent with the interests of sound judicial administration." *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 353 (1993), paragraph one of the syllabus. "Where the record indicates that the interests of sound judicial administration could be served by a finding of 'no just reason for delay,' the trial court's certification determination must stand." *Id.* at paragraph two of the syllabus.

**{¶13}** In the instant matter, the trial court, at the request of Ms. Pascoe, certified the summary judgment orders pursuant to Civ.R. 54(B) and discussed its reasons for doing so. Nonetheless, "where disposed claims are 'inextricably intertwined' with outstanding claims, we

lack jurisdiction to entertain an appeal regarding the disposed, yet dependent claims even where the trial court has invoked the language of Civ.R. 54(B)." (Footnote omitted.) *Miller Lakes Community Servs. Assn*, 2011-Ohio-1295, at ¶ 19 (9th Dist.), quoting *Glenmoore Builders, Inc. v. Smith Family Trust*, 2008-Ohio-1379, ¶ 16-17 (9th Dist.). In light of the nature of the claims and facts relevant to both claims, we conclude that the trial court abused its discretion in certifying the orders pursuant to Civ.R. 54(B). As noted by the trial court, both claims "ar[o]se from a common nucleus [of facts] and set of occurrences . . . ." With respect to Ms. Pascoe's claim that Clearview failed to reasonably accommodate her disability, the trial court determined that genuine issues of material fact remained and denied the motion for summary judgment. Despite this conclusion, and by focusing on certain elements, the trial court concluded that Clearview was entitled to summary judgment on Ms. Pascoe's disability discrimination claim based upon adverse actions. While it is true that the elements of the two claims are not identical, to say that the facts and witnesses relevant to each claim are separate and distinct, as the trial court did, is not supported by the record.

{¶14} Even though Ms. Pascoe's disability discrimination claim based upon adverse actions is multi-faceted, a large part of it is focused on her contention that she was forced to file for STRS disability retirement because of the working conditions created by Clearview's failure to grant all of her requested accommodations, which she argues were reasonable and the trial court concluded genuine issues of fact existed as to whether they were. *See Talley v. Family Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1105 (6th Cir. 2008) ("But this case is more complicated than the traditional constructive discharge case because the plaintiff alleges that the defendants' failure to accommodate her disability was the impetus for her involuntary resignation. Thus, the central issue is whether the defendants' alleged refusal to provide Talley with a reasonable

accommodation converted her resignation into a constructive discharge."); *see also id.* at 1107 ("Talley's claim of constructive discharge is premised upon a finding that her working conditions were made intolerable, and it was foreseeable she would resign when she was denied a reasonable accommodation."). Accordingly, the claims are factually linked and, to some degree, interdependent. We cannot say that the interests of sound judicial administration would be served by hearing this appeal. These claims are inextricably intertwined, and the trial court therefore abused its discretion in certifying the orders pursuant to Civ.R. 54(B).

{¶15} The attempted appeal is dismissed.

### III.

{¶16} We cannot address the merits of Ms. Pascoe's arguments because we are without jurisdiction to do so. The attempted appeal is dismissed.

Appeal dismissed.

————

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

STEVENSON, P. J.
SUTTON, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

FLORENCE A. MURRAY and JOSEPH A. GALEA, Attorneys at Law, for Appellant.

JESSICA K. PHILAMOND and ELIZABETH A. BRAVERMAN, Attorneys at Law, for Appellee.