OPINION
{¶ 1} Krishan Joshi appeals from a judgment of the Montgomery County Juvenile Court establishing that he is the father of Krishan Renfrow. However, before we can consider any issues raised on appeal, we must first address the question of our jurisdiction. Due to constitutional restrictions on appellate jurisdiction, jurisdictional issues cannot be waived, and may be raised on our own motion. State ex rel. Scruggs v. Sadler,97 Ohio St.3d 78, 79, 2002-Ohio-5315, at ¶ 4.
 {¶ 2} "An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met." Chef Italiano Corp. v. Kent State Univ.
(1989), 44 Ohio St.3d 86, syllabus. See, also, Scruggs,
2002-Ohio-5315, at ¶ 5.
 {¶ 3} In deciding if a judgment is final, a two-step analysis is used. First the court decides:
 {¶ 4} "if the order is final within the requirements of R.C.2505.02. If the court finds that the order complies with R.C.2505.02 and is in fact final, then the court must take a second step to decide if Civ. R. 54(B) language is required." GeneralAcc. Ins. Co. v. Insurance Co. of North America (1989),44 Ohio St.3d 17, 21.
 {¶ 5} As pertinent to this case, an order is final if it "* * * affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." R.C.2505.02(B)(2). Paternity actions fit within the category of special proceedings, and orders establishing paternity and settling all support issues are final orders. State ex rel Dixonv. Clark (1995), 103 Ohio App.3d 523, 528.
 {¶ 6} When we originally received this case, we questioned whether a final, appealable order existed. Our concern was that the order being appealed was a paternity determination only. Consequently, we issued an order on May 29, 2003, asking Appellant, Krishan Joshi, to show cause why the order being appealed was a final, appealable order. Joshi subsequently filed both a response and a supplemental response to the show cause order. In the latter document, Joshi indicated that the trial court had issued a decision on support on July 10, 2003. In addition, Joshi said he had filed an amended notice of appeal to include the support order. Based on these representations, we filed a decision and entry on August 28, 2003 finding that the show cause order was satisfied. We then allowed the appeal to proceed.
 {¶ 7} After the clerk filed a Rule 11(B) notice, briefing proceeded, oral argument was held, and this matter was submitted to the panel on March 2, 2004. However, when we reviewed the submitted file, we noticed several things. First, Joshi filed a counterclaim (Doc. #23) that is apparently still pending in the trial court and has not been resolved. Second, although Joshi filed an amended notice of appeal, he did not file a praecipe asking the clerk to transmit the rest of the record. As a result, the only docket entries before us are those that were recorded in the trial court on or before May 1, 2003, when the first notice of appeal was filed.
 {¶ 8} Third, Appellee, Nita Renfrow, indicated in her brief that Joshi filed objections to the magistrate's decision and judge's order on July 21, 2003, along with a request for findings of fact and conclusions of law. Renfrow further stated that the trial court issued a decision on the objections on October 2, 3003. However, none of these documents are before us and we have no idea of their content.
 {¶ 9} While a paternity determination and support order can be final and appealable for purposes of R.C. 2505.02, we would not have jurisdiction if claims are still pending in the trial court. In this regard, Civ. R. 54(B) states that:
 {¶ 10} "[w]hen more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties * * *."
 {¶ 11} The counterclaim in question involves an agreement signed by Plaintiff-Appellee, Nita Renfrow. In the agreement, Renfrow waived all claims for child support on behalf of herself and her minor son. Renfrow also agreed to reimburse Joshi $25,000 paid to her under the agreement, as well as other money, in the event that she later claimed that Joshi was the father of her child.
 {¶ 12} As we noted, the support order is not in the official record. A copy was attached to the amended notice of appeal, and reveals that the counterclaim was not mentioned. The order requires Joshi to pay child support of $1,096.08 per month, plus $219.20 for an arrearage that presumably occurred between the effective date of the support order (February 3, 2003) and the date the order was filed (July 10, 2003) (In other words, some retroactive support was ordered). Since the amount of arrearage accruing during that time would have been only about $5,000, we cannot assume that the trial court considered or accounted for the $25,000 counterclaim. As further evidence on this point, the support order itself states that no actual hearing was held; instead, the parties simply submitted written material (which again, are not part of our record). In view of the fraud allegations present in this case, as well as the unusual factor of an agreement waiving support, we think the court would have taken some testimony if it intended to consider the counterclaim.
 {¶ 13} In the past, we have allowed appeals to proceed where the trial court decision has implicitly adjudicated an issue. SeeSecurity Nat. Bank and Trust Co. v. Jones (July 6, 2001), Clark App. No. C.A. 2000-CA-59, 2001 WL 754776, * 2 (counterclaim was implicitly rejected and decision was final for appeal purposes, where the trial court had granted summary judgment to the opposing party). Courts have also allowed appeals to proceed, even if claims are not expressly adjudicated, if the effect of the judgment is to render some claims moot. See, e.g., GeneralAcc. Ins. Co., 44 Ohio St.3d at 21.
 {¶ 14} Unfortunately, we cannot make a similar finding in the present case because the court order cannot be read as having rejected the $25,000 counterclaim. While the final decision on Joshi's objections may have dealt with this issue, we cannot make any finding on that point, since the pertinent documents are not in our record.
 {¶ 15} We express no opinion on whether the agreement is enforceable. Nonetheless, the issue could potentially impact the support order and arrearage, and must be addressed before the case can be considered final for purposes of appeal. In the alternative, the trial court could issue a Civ. R. 54(B) determination. In either event, any party wishing to appeal should make sure that the appellate record contains all docket entries, transcripts, etc., that relate to events after May 1, 2003.
 {¶ 16} If the parties had alerted us to the existence of the counterclaim when we issued the show cause order, this matter could have been promptly addressed and resolved, and much delay could have been avoided. However, at this point, we have no option other than to dismiss the appeal for lack of a final, appealable order. See General Acc. Ins. Co.,44 Ohio St.3d at 20; Noble v. Colwell (1989), 44 Ohio St.3d 92, 96; and DaytonSecurities Associates v. Becker (April 11, 1997), Montgomery App. No. 16240, 1997 WL 205997, * 2.
 {¶ 17} Accordingly, this appeal is dismissed, and the matter is remanded to the trial court for further proceedings.
Wolff, J., and Young, J., concur.