DECISION AND JUDGMENT ENTRY
{¶ 1} Marie Dodrill ("Marie"), the surviving spouse of James G. Dodrill ("Mr. Dodrill"),[1] appeals the Jackson County Common Pleas Court's summary judgment involving her third and fourth causes of action in favor of James G. Dodrill, II ("James") and Gina Dodrill Stelluti ("Gina"), the children of Mr. Dodrill. The court ruled as a matter of law that James is entitled to the legal ownership and possession of the 1915 Ford Model T and the 2000 Volvo S80 automobiles. Under her third and fourth causes of action, Marie contends that the trial court erred because Mr. Dodrill transferred these two vehicles to James "in contravention of a temporary restraining order" in a divorce action between Mr. Dodrill and her and in violation of Ohio's Uniform Fraudulent Transfer Act. We do not address her arguments because we find that the partial summary judgment regarding her third and fourth causes of action is not a final, appealable order. Accordingly, we dismiss this appeal.
 I. {¶ 2} Mr. Dodrill married Marie. He had two children from a previous marriage, James and Gina, and adopted Marie's three minor children. Marie filed a complaint for alimony against Mr. Dodrill, and he counterclaimed for a divorce from Marie. The trial court issued a temporary restraining order ("TRO"), which prevented Mr. Dodrill from changing the beneficiaries of any life insurance policies and from selling or gifting any automobiles. Later, the court amended the TRO to permit Mr. Dodrill to operate the used car sales business known as Car Country, per his customary practice, subject to all applicable laws and regulations. Before the trial court finalized the domestic relations proceeding, Mr. Dodrill died.
 {¶ 3} Marie filed a complaint against four parties, i.e. the Prudential Insurance Co, James, Gina, and Carol Dodrill, executrix of the estate of Mr. Dodrill. Specifically, Marie brought four causes of action: (1) injunctive relief regarding the life insurance benefits payable (eventually the Prudential Insurance Co. deposited the funds with the court via an agreed entry); (2) a declaratory judgment in regard to the owner of the life insurance proceeds; (3) a declaratory judgment in regard to the owner of two automobiles; and (4) a declaratory judgment to declare James' title to the two automobiles void because of Ohio's Uniform Fraudulent Transfer Act. The crux of her complaint was that Mr. Dodrill violated the domestic relations TRO when he changed the beneficiary of two life insurance policies from Marie to James and Gina, and again when he transferred the two automobiles to James.
 {¶ 4} James and Gina moved the court for summary judgment. The trial court denied the motion regarding the first and second causes of action. However, the trial court granted their motion regarding the third and fourth causes of action involving the two automobiles and included Civ.R. 54(B) language that "this is a final judgment and that there is no just cause for delay."
 {¶ 5} Marie appeals and asserts the following three assignments of error: I. "THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT CONCERNING TITLE TO AND THE RIGHT TO POSSESSION OF A MODEL T FORD AND A VOLVO AUTOMOBILE, WHICH WERE TRANSFERRED IN CONTRAVENTION OF A TEMPORARY RESTRAINING ORDER, AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT CONCERNING THE AUTOMOBILES." II. "THE TRIAL COURT ERRED IN FAILING TO APPLY CONCEPCION V. CONCEPCION, 131 OHIO APP.3D 271 (1999)." And, III. "THE TRIAL COURT ERRED BY FAILING TO CORRECTLY APPLY HOOK V. HOOK, 35 OHIO APP.3D 51 (1987)"
 II. {¶ 6} In all three assignments of error, Marie argues that the trial court erred when it implicitly found that James now owns the two automobiles that Mr. Dodrill transferred to him because Mr. Dodrill's death abated the divorce action and extinguished the TRO. Marie maintains that the trial court erred because Mr. Dodrill transferred the two automobiles in contravention of the TRO. Marie contends that the trial court did not correctly interpret the holdings in Concepcion v.Concepcion (1999), 131 Ohio App.3d 271 and Hook v. Hook
(1987), 35 Ohio App.3d 51.
 {¶ 7} Initially, we address the threshold issue of whether the judgment entry appealed is a final, appealable order. Under Ohio law, appellate courts have jurisdiction to review the final orders or judgments of the inferior courts in their district. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. A final order is defined, inter alia, as an order that "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" R.C.2505.02(B)(1).
 {¶ 8} If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss it. See General Acc. Ins. Co. v. Insurance Co. of NorthAmerica (1989), 44 Ohio St.3d 17, 20; Noble v. Colwell (1989),44 Ohio St.3d 92. In the event that the parties to the appeal do not raise this jurisdictional issue, we must raise it sua sponte. See Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, syllabus; Whitaker-Merrell v. Geupel Co. (1972),29 Ohio St.2d 184, 186.
 {¶ 9} When an action includes multiple claims or parties and an order disposes of fewer than all of the claims or rights and liabilities of fewer than all of the parties without certifying under Civ.R. 54(B) that there is no just cause for delay, the order is not final and appealable. Noble, supra, at 96;Jarrett v. Dayton Osteopathic Hosp., Inc. (1985),20 Ohio St.3d 77, syllabus.
 {¶ 10} "The trial court should include the express determination that there is no just reason for delay when a judgment has been entered as to one or more but fewer than all the claims of the parties only when the matter adjudicated is clearly independent of other rights and liabilities, because the trial court's power to modify the order[,] as may be necessary due to subsequent events[,] is otherwise substantially decreased. The trial court abuses its discretion in attempting to make the disposition of only part of the claims appealable by the addition of Civil Rule 54(B) language when the parties and issues contained in that order are so related and interconnected with an interlocutory order that, for purposes of judicial economy, they should be considered together. In that event, the appellate court is without jurisdiction to entertain the appeal until all of the intertwined claims are final. Ollick v. Rice [1984],16 Ohio App.3d 448 * * *; see Noble v. Colwell [1989],44 Ohio St.3d 92, at 97, fn. 7 * * *.]" McCormac Solimine, Ohio Civil Rules Practice (3d Ed. 2003) 351, Section 13.17.
 {¶ 11} Here, the claims are so intertwined that we find that the trial court abused its discretion when it included Civ.R. 54(B) language in the entry granting summary judgment for Marie's third and fourth causes of action. Id. See Noble, supra, at 97, fn. 7. For example, Marie's second cause of action partly depends on the trial court's interpretation of Hook, supra. (See trial court's entry denying motion for summary judgment for Marie's first and second causes of action.) Likewise, Marie's third cause of action partly depends on the trial court's and this court's interpretation of Hook. (Also, see Marie's third assignment of error where she challenges the trial court's interpretation ofHook.) Therefore, for purposes of judicial economy, the trial court should consider all of Marie's claims before we review the same. Consequently, we find that we are without jurisdiction to consider this appeal.
 {¶ 12} Accordingly, we dismiss this appeal.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that the costs herein be taxed to the Appellant.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion.
McFarland, J.: Concurs in Judgment Only.
[1] See Dodrill v. Dodrill (April 28, 2004), Vinton App. No. 03CA580, 2004-Ohio-2225.