{¶ 23} I respectfully dissent. In my view, the appellants did not appeal a final, appealable order. Therefore, I would dismiss this appeal for lack of jurisdiction.
 {¶ 24} Before considering the merits of this appeal, it is necessary to determine whether the order appealed from is a final appealable order. As this court has previously held, appellate courts possess jurisdiction to review only those orders that are final orders or judgments of the inferior courts in their appellate district. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02; see, also, Dodrill v. Prudential, Jackson App. No. 05CA13,2006-Ohio-3674. If the lack of a final appealable order is not addressed by the parties in the appeal, the reviewing court "must raise it sua sponte." Dodrill at ¶ 8, citing Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86, syllabus. *Page 13 
 {¶ 25} Here, the trial court's May 22, 2006, decision and order grants Plaintiffs' (now Appellees') request for declaratory judgment holding that the "option to purchase is enforceable." However, the order fails to address portions of Defendants' (now Appellants') counterclaim. In that counterclaim, Defendants sought a declaration that: (1) the purchase option was no longer valid because there has not been complete performance under the lease; (2) that the original lessee interfered with the first refusal provision by allowing a portion of the property to be dedicated for public use; and (3) that the purchase option would be invalid and unenforceable if Defendants were to ever receive a bona fide offer to purchase the property from a third-party.
 {¶ 26} Although the trial court never expressly ruled on Defendants' counterclaim, it did find that the purchase option was valid when ruling on Plaintiffs' cause of action and that the dedication did not amount to a breach of the lease. Thus, the trial court did address the first and second declaration sought by Defendants and implicitly overruled that claim. See Crane Electronics, Inc. v. Crane (June 2, 1993), Hamilton App. No. C-920188; see, also, Security National Bank Trust Co. v.Jones (July 6, 2001), Clark App. No. 2000-CA-59. The trial court order, however, did not implicitly overrule the third declaration sought by Plaintiffs. *Page 14 
 {¶ 27} A court may also allow an appeal "to proceed, even if claims are not expressly adjudicated, if the effect of the judgment is to render some claims moot." Renfrow v. Joshi, Montgomery App. No. 19895,2004-Ohio-1316. Here, the third declaration sought by Defendants was essentially an alternative declaration that if the purchase option was enforceable itself, the purchase option would nevertheless cease to be enforceable if Defendants received a bona fide offer to purchase from a third-party. While this argument may be factually moot because Ms. Corcoran testified that she never received a bona fide offer to purchase from a third-party as of April 4, 2006 (the second extension of the lease would have expired on March 31, 2006, vesting Plaintiffs' option to purchase), Defendants' assertion was not rendered legally moot as an effect of the trial court's judgment. The trial court should have ruled on this issue after it determined that the purchase option was enforceable. See Talbott v. Cincinnati Ins. Co., Trumbull App. No. 2004-T-0023, 2004-Ohio-5513, ¶ 7-8 (holding that until potentially moot claims "are dismissed from the case or otherwise disposed of by the trial court, no final appealable order exists").
 {¶ 28} Thus, because Defendants' counterclaim remains pending, the court's decision and order cannot be a final appealable order unless it complies with Civ.R. 54(B). "When an action includes multiple claims or *Page 15 
parties and an order disposes of fewer than all of the claims or rights and liabilities of fewer than all of the parties without certifying under Civ.R. 54(B) that there is no just cause for delay, the order is not final and appealable." Dodrill at ¶ 9.
 {¶ 29} Here, the trial court's entry does not contain the exact language set forth in the rule. Instead, it states that "[s]ince there is no need for further delay, this maybe a FINAL APPEALABLE ORDER." This court has held that the exact language "no just reason for delay" is not needed where "the expressed intent of the court is clear that there is no just reason for delay." Hawker v. City of Jackson (Apr. 14, 1982), Jackson App. No. 445 (holding that an entry stating "[t]his Judgment Entry shall be considered a final entry insofar as the City is concerned. No further entry is required[,]" was sufficient to satisfy the rule).
 {¶ 30} However, other courts have recently held that "in order for an order that requires Civ.R. 54(B) language to be final and appealable, the order must contain, at the very least, language that substantially complies with the Civ.R. 54(B) language; that is, the language must evince that the trial court made the essential determination required by Civ.R. 54(B)." Tadmor v. Huntington Natl. Bank v. Fisher, Summit App. No. 22760, 2006-Ohio-1046, ¶ 17 (holding that an order stating "[t]his is a final order that shall not be delayed" — *Page 16 
falls short of this standard"); see, also, Bankers Trust Co. ofCalifornia v. Tutin, Summit App. No. 22850, 22870, 2006-Ohio-1178, ¶ 4
(holding that an entry stating "`[t]here is no cause for delay'* * *did not `ma[k]e the essential determination required by Civ.R. 54(B)'").
 {¶ 31} Here, the entry does not substantially comply with the language set forth in Civ.R. 54(B). Further, the language does not clearlyshow the "expressed intent of the court* * *that there is no just reason for delay." The court merely says that the entry "since there is no need for further delay, this maybe a FINAL APPEALABLE ORDER." (Emphasis added). Such language fails to clearly state the express intent of the court to make the order final and appealable. Thus, because portions of Defendants' counterclaim remains unresolved, and because the trial court's entry does not substantially comply with the language set forth in Civ.R 54(B), there is no jurisdiction to consider the appeal.[1] *Page 17 
 {¶ 32} Thus, I dissent.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellees recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion.
Kline, J.: Dissents with Dissenting Opinion.
[1] Even where an order contains the "magic language" stating that "there is no just cause for delay," such language "does not, by itself, convert a final order into a final appealable order." Oakley v. CitizensBank of Logan, Athens App. No. 04CA25, 2004-Ohio-6824, ¶ 10, citingBell Drilling Producing v. Kilbarger Const., Inc. (June 26, 1997), Hocking App. No. 96CA23.
"The trial court should include the express determination that there is no just reason for delay when a judgment has been entered as to one or more but fewer than all the claims of the parties only when the matter adjudicated is clearly independent of other rights and liabilities, because the trial court's power to modify the order[,] as may be necessary due to subsequent events[,] is otherwise substantially decreased. The trial court abuses its discretion in attempting to make the disposition of only part of the claims appealable by the addition of Civil Rule 54(B) language when the parties and issues contained in that order are so related and interconnected with an interlocutory order that, for purposes of judicial economy, they should be considered together. In that event, the appellate court is without jurisdiction to entertain the appeal until all of the intertwined claims are final. Ollick v. Rice [1984], 16 Ohio App.3d 448 * * *; see Noble v. Colwell [1989], 44 Ohio St.3d 92, at 97, fn. 7 * * *.]" Id. at ¶ 10, citing McCormac Solimine, Ohio Civil Rules Practice (3d Ed. 2003) 351, Section 13.17.
Here, the third declaration sought by Defendants is not so intertwined with Plaintiffs' cause of action. Plaintiff sought a declaration that the purchase option was enforceable. Defendants asserted analternative declaration that even if the purchase option was enforceable itself, it would cease to be enforceable if Defendants received a bona fide offer to purchase from a third-party. Thus, the trial court could have ruled on Plaintiffs' cause of action without necessarily determining the argument asserted by Defendants. *Page 1