[Cite as *State v. Fry*, 2011-Ohio-2022.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| DANIEL L. FRY | : | Case No. 10CAA090068 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas,
                             Case No 09CRI100501

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      April 19, 2011

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

BRENDAN M. INSCHO                   JOHN R. CORNELY
140 North Sandusy Street            21 Middle Street
Delaware, OH  43015                 P.O. Box 248
                                    Galena, OH  43021

*Farmer, P.J.*

{¶1}   On October 30, 2009, the Delaware County Grand Jury indicted appellant, Daniel Fry, on one count of aggravated murder with a firearm specification in violation of R.C. 2903.01 and R.C. 2941.145, and one count of tampering in violation of R.C. 2921.12.  Said charges arose from the shooting death of appellant's wife, Mary Fry.

{¶2}   On June 4, 2010, appellant pled guilty to murder and the firearm specification, and no contest to the tampering count pursuant to a plea agreement.  The trial court found appellant guilty of the tampering count.

{¶3}   A sentencing hearing was held on August 23, 2010.  By judgment entry filed August 24, 2010, the trial court sentenced appellant to an indefinite prison term of fifteen years to life on the murder conviction, mandatory three years on the firearm specification to be served prior to the indefinite sentence, and five years on the tampering conviction, to be served consecutively to the other sentences.

{¶4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶5}   "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM TERM OF FIVE YEARS FOR TAMPERING WITH EVIDENCE."

II

{¶6}   "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE SENTENCES."

III

{¶7} "THE TRIAL COURT DID NOT COMPLY WITH O.R.C. §2929.11(B) AS THE SENTENCE WAS NOT CONSISTENT WITH SENTENCES FOR SIMILAR CRIMES."

{¶8} At the outset, we note the state raises the issue that appellant waived his right to appeal his sentence by entering into a Crim.R. 11(F) agreement. The written text of the Crim.R. 11(F) agreement filed June 4, 2010 states the following in pertinent part:

{¶9} "4. Defendant agrees:

{¶10} "C. To waive his/her rights to appeal, including, but not limited to the grounds listed in Ohio Revised Code §2953.08."

{¶11} R.C. 2953.08(D)(1) states the following:

{¶12} "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

{¶13} What distinguishes the facts in this case from the exception of right to appeal is that there was no agreement as to sentence, there was no discussion during the plea of the relinquishment of the right to appeal, and in particular, no agreement as to the sentence for the tampering conviction which is the subject of this appeal.

I, II

{¶14} Appellant claims the trial court erred in not entering specific findings on the sentence imposed on the tampering with evidence conviction. We disagree.

{¶15} Appellant argues under *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, and its progeny, the United States Supreme Court's decision in *Oregon v. Ice* (2009), 555 U.S. 160, should apply. We disagree because after the briefing was complete, the Supreme Court of Ohio decided *State v. Hodge,* 128 Ohio St.3d 1, 2010-Ohio-6320, wherein the court held the following at ¶39-40:

{¶16} "For all the foregoing reasons, we hold that the decision of the United States Supreme Court in *Oregon v. Ice* does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in *State v. Foster.* Because the statutory provisions are not revived, trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made.

{¶17} "The trial court in this case did not err in imposing consecutive sentences without applying R.C. 2929.14(E)(4) and 2929.41(A), and defendants such as Hodge who were sentenced without application of the statutes are not entitled to resentencing."

{¶18} Appellant also argues the trial court erred in imposing maximum, consecutive sentences. Appellant was found guilty of tampering with evidence, a felony of the third degree. Pursuant to R.C. 2929.14(A)(3), felonies of the third degree are punishable by "one, two, three, four, or five years." Therefore, appellant received the maximum allowable sentence.

{¶19} As we noted previously, there was no plea agreement as to the sentence to be imposed. The trial court specifically ordered a presentence investigation report, and set a sentencing hearing wherein the victim's representatives could appear and

make statements.  June 4, 2010 T. at 28-30.  A presentence investigation report was not marked as an exhibit nor included in the record.

{¶20}  Based upon this lack of information and the facts as set forth by the state during allocution, we find the tampering count was a distinct and separate act and in fact, could have potentially hindered the trial of the case:

{¶21}  "By picking up the shell casings, your Honor, the State would have been unable at least in the mind of Mr. Fry, to determine exactly the path that he walked in shooting Mary Fry.  But of course it is our belief that based upon the evidence that would have been presented that he walked toward Mary Fry firing."  June 4, 2010 T. at 24.

{¶22}  We conclude this allocution of facts supports a separate animus for the crime of tampering with evidence, and there was potential harm if the State was forced to bring the matter as an aggravated murder charge because of the "blackout defense" asserted by appellant.  June 4, 2010 T. at 18-19.

{¶23}  Upon review, we find no error as a matter of law in the trial court sentencing appellant to the maximum, consecutive sentences nor any abuse of discretion.

{¶24}  Assignment of Errors I and II are denied.

III

{¶25}  Appellant claims his five year sentence on the tampering conviction, to be run consecutively to the murder and firearm specification sentences, did not comply with R.C. 2929.11(B) and was disparate to similar cases.  We disagree.

{¶26}  R.C. 2929.11(B) states the following:

{¶27} "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶28} In appellant's sentencing memorandum filed August 20, 2010, the following comparisons were made:

{¶29} "Second, O.R.C. §2929.11(B) requires that the sentence be consistent with sentences imposed for similar crimes by similar offenders.   The mandatory minimum sentence of eighteen years to life is consistent with sentences imposed for similar crimes by similar offenders.   A number of individuals have been sentenced on Aggravated Murder and other charges in the past few years from Delaware County, Ohio.  The chart below reflects those individuals and their sentences.

{¶30}  "[Chart, attached to this opinion as Exhibit A]

{¶31}  "The sentences range from twenty years to life to thirty years to life.  All of these individuals were convicted of Aggravated Murder, a more serious charge than the Defendant, and another charge more serious than the Tampering with Evidence charge in this case.  Based on these sentences the minimum mandatory sentence of eighteen years to life is consistent to other sentences imposed for similar crimes."

{¶32}  During the sentencing hearing, the trial court made a specific finding on the issue of consecutive sentences as follows:

{¶33}  "THE COURT: ***The tampering with evidence will be served consecutive to.  It's the specific finding of this court that consecutive sentences should be imposed

and they are being imposed. The five years on the tampering with evidence will be served consecutive to the life term. The findings are such that the court can find no reason why you should not be given the consecutive sentences to protect not only the public but also they are not disproportionate to the seriousness of this offense.

{¶34} "And the fact that you shot this person six times, and I believe a couple people in their statements to the court under the victim impact raised the issue as to whether or not you purposefully were shooting this person in such a way that she was being tortured, we will never know because she's dead and you will never tell us. We feel, the court feels that you are and your conduct is such that it puts the whole public in the position of danger if you are out on the streets, so consecutive sentences are imposed as to the life sentence, 15 to life as to the murder, 5 years for the tampering with evidence and obviously the 3 year gun spec that has to be imposed.

{¶35} "Do you understand, Sir?

{¶36} "THE DEFENDANT: Yes." August 23, 2010 T. at 12-13.

{¶37} It must first be recognized that this is a plea of a reduced charge (aggravated murder to murder) with a specific reduction in number of years to be served: life in prison versus fifteen years to life. R.C. 2929.02(A) and (B).

{¶38} Although the trial court may or may not have been familiar with the cases cited in its chart, this court does not have any basis to compare the cases except for appellant's lack of a criminal record vis-à-vis the referenced cases.

{¶39} It is clear from the allocution, the comments from the victim's family, and the trial court statements, that this murder was a culmination of abusive and bizarre behavior by appellant. The trial court concludes the secreting of the bullets and the

disruption of the crime scene, coupled with the murder of appellant's wife was the worst form of the offense.

{¶40} Upon review, we fail to find that the record establishes disparate sentencing.

{¶41} Assignment of Error III is denied.

{¶42} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By Farmer, P.J.

Edwards, J. and

Delaney, J. concur.

_s/ Sheila G. Farmer_____

_s/ Julie A. Edwards_____

_s/ Patricia A. Delaney_____
                    JUDGES

SGF/sg 330

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DANIEL L. FRY | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10CAA090068 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed.  Costs to appellant.


_ s/ Sheila G. Farmer_____

_ s/ Julie A. Edwards_____

_ s/ Patricia A. Delaney_____
JUDGES