[Cite as *State v. Salters*, 2012-Ohio-343.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

     Plaintiff-Appellee

-vs-

TIMOTHY SALTERS

     Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. John W. Wise, J.
Hon. Patricia A. Delaney, J.

Case No. CT2011-0027


O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No. CR2010-0283 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | January 30, 2012 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| D. MICHAEL HADDOX<br>PROSECUTING ATTORNEY<br>RON WELCH<br>ASSISTANT PROSECUTOR<br>27 North Fifth Street<br>Zanesville, Ohio 43701 | ROBERT D. ESSEX<br>604 East Rich Street<br>Columbus, Ohio 43215 |

*Wise, J.*

**{¶1}** Defendant-appellant Timothy Salters appeals his sentence on one count of Rape (victim less than 13) and one count of Gross Sexual Imposition following a plea of guilty in the Muskingum County Court of Common Pleas.

**{¶2}** Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE CASE AND FACTS

**{¶3}** On September 24, 2010, the Zanesville Police Department received a Call for Service wherein Angela Durbin reported being told by her six year old daughter that her grandfather had touched her sexually. A subsequent medical examination of the child revealed a bladder or urinary infection in addition to redness and irritation around her vaginal area. The child revealed to medical personnel and law enforcement that, while she pretended to be asleep, her grandfather "licked his finger and put it in" then carried her upstairs where he "did bad things". She said that he "peed on her belly and wiped off the pee with her purple shorts" which he threw on the floor. At the conclusion of an investigation by the Zanesville Police Department, this case was presented to the October, 2010, Muskingum County Grand Jury.

**{¶4}** Appellant Timothy Salters was indicted by the Muskingum County Grand Jury on two (2) counts Rape, in violation of R.C. §2907.02(A)(1)(b), both first degree felonies and two (2) counts of Gross Sexual Imposition, in violation of R.C. §2907.05, third degree felonies.

**{¶5}** Appellant was arraigned on December 22, 20I0, and pled not guilty to all charges. Bond was continued as set at $250,000 cash, property, or surety. This case was set for a Change of Plea hearing on March 2I, 20II. The defendant appeared in

court represented by Counsel who advised the court that his client had "changed his mind" and wanted to have a few more days to contact a couple other people to make sure he's doing the best thing possible under the circumstances.

{¶6} On March 28, 2011, a Change of Plea hearing was again scheduled. The defendant appeared with counsel and withdrew his former pleas of not guilty and entered guilty pleas to Count 2 - Rape (victim less than 13), a felony of the first degree and Count 3 - Gross Sexual Imposition, a felony of the third degree.

{¶7} Pursuant to the plea negotiations, the State recommended an aggregate prison term of ten (10) years to life, and further agreed to Nolle Counts 1 and 4 at the time of sentencing.

{¶8} The trial court accepted Appellant's plea and ordered a pre-sentence investigation.

{¶9} On May 23, 2011, the trial court sentenced Appellant to ten (10) years to life on the Rape charge and five (5) years on the charge of Gross Sexual Imposition, to run consecutively for an aggregate prison sentence of fifteen (15) years to life.

{¶10} Defendant-Appellant now appeals, assigning the following error for review:

### ASSIGNMENT OF ERROR

{¶11} "I. PURSUANT TO OHIO REVISED CODE 2953.08, THE TRIAL COURT'S SENTENCE WAS CLEARLY AND CONVINCINGLY CONTRARY TO LAW, WAS AN ABUSE OF DISCRETION, AND VIOLATED THE PROPORTIONALITY REQUIREMENT OF OHIO SENTENCING LAWS."

**I.**

{¶12} In his sole assignment of error, Appellant argues that the trial court erred in imposing the sentence herein. We disagree.

{¶13} In a plurality opinion, the Supreme Court of Ohio established a two-step procedure for reviewing a felony sentence. *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first step "is satisfied," the second step requires the trial court's decision be "reviewed under an abuse-of-discretion standard." *Id.*

{¶14} The relevant sentencing law is now controlled by the Ohio Supreme Court's decision in *State v. Foster,* i.e. " * * * trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." 109 Ohio St.3d 1, 30, 2006-Ohio-856 at ¶ 100, 845 N.E.2d 470, 498.

{¶15} In the first step of our analysis, we review whether the sentence is contrary to law. In the case *sub judice*, Appellant was sentenced on one count of rape (victim less than 13), first degree felony, and one count of gross sexual imposition, a third degree felony.

{¶16} Upon conviction for a felony of the first degree, the potential sentence that the trial court can impose is a mandatory prison term of ten (10) years to life. The potential sentence for a second degree felony is one, two, three, four, or five years in prison.

**{¶17}** Here, as set forth above, Appellant was sentenced to a term of ten years to life on the F-1 rape charge and five years on the F-3 gross sexual imposition, to run consecutively for a term of fifteen years to life.

**{¶18}** Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. The sentences were within the statutory sentencing range.

**{¶19}** Furthermore, the record reflects that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code and advised Appellant regarding post release control.

**{¶20}** We therefore find that the sentences are not clearly and convincingly contrary to law.

**{¶21}** Having determined that the sentence is not contrary to law we must now review the sentence pursuant to an abuse of discretion standard. *Kalish* at ¶ 4; *State v. Firouzmandi,* supra at ¶ 40. In reviewing the record, we find that the trial court gave careful and substantial deliberation to the relevant statutory considerations.

**{¶22}** We find the trial court properly considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the applicable factors set forth in R.C. 2929.12, along with all other relevant factors and circumstances. While Appellant may disagree with the weight given to these factors by the trial judge, Appellant's sentence was within the applicable statutory range for a felonies of the first and third degree and therefore, we have no basis for concluding that it is contrary to law.

**{¶23}** Similarly, the trial court's consecutive sentence cannot be said to be an abuse of discretion given the circumstances here. See *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219 (an abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable.").

**{¶24}** The Supreme Court of Ohio held in *State v. Hodge,* 128 Ohio St.3d 1, 2010-Ohio-6320, "[f]or all the foregoing reasons, we hold that the decision of the United States Supreme Court in *Oregon v. Ice* [ (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517], does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in *State v. Foster.* Because the statutory provisions are not revived, trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made." See, *State v. Fry,* Delaware App. No. 10CAA090068, 2011-Ohio-2022 at ¶ 16–17.

**{¶25}** We further note that the negotiated agreement that Appellant signed on May 23, 2011, acknowledged that the trial court was not bound by the prosecutor's recommendation.

**{¶26}** The trial court was not a party to the agreement between Appellant and the State.

**{¶27}** "A trial court does not err by imposing a sentence greater than 'that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor.' " *State ex rel Duran v. Kelsey,* 106 Ohio St.3d 58, 2006-Ohio-3674; *State v. Buchanan,* 154 Ohio App.3d 250, 2003-Ohio-

4772, 796 N.E.2d 1003, ¶ 13, quoting *State v. Pettiford* (Apr. 22, 2002), Fayette App. No. CA2001-08-014.

**{¶28}** Appellant also asserts that his sentence violates the proportionality requirement of Ohio's sentencing laws and that such sentence was an abuse of discretion.

**{¶29}** Appellate courts can find an "abuse of discretion" where the record establishes that a trial judge refused or failed to consider statutory sentencing factors. *Cincinnati v. Clardy* (1978), 57 Ohio App.2d 153, 385 N.E.2d 1342. An "abuse of discretion" has also been found where a sentence is greatly excessive under traditional concepts of justice or is manifestly disproportionate to the crime or the defendant. *Woosley v. United States* (1973), 478 F.2d 139, 147.

**{¶30}** However, upon review, we find that Appellant has failed to provide any support for this proposition and we find nothing in the record to suggest that this sentence was disproportionate.

**{¶31}** In the case at bar, the court had the benefit of a pre-sentence investigation report. We also note that we do not know the specific contents of the pre-sentence investigation report or victim impact statement as Appellant did not make them a part of the record. In *State v. Untied* (March 5, 1998), Muskingum App. No. CT97–0018, we addressed the issue of failure to include the pre-sentence investigation report and stated:

**{¶32}** "Appellate review contemplates that the entire record be presented. App.R. 9. When portions of the transcript necessary to resolve issues are not part of the record, we must presume regularity in the trial court proceedings and affirm. *Knapp v.*

*Edwards Laboratories* (1980), 61 Ohio St.2d 197, 400 N .E.2d 384. The pre-sentence investigation report could have been submitted "under seal" for our review.

**{¶33}** "Without the cited information and given the trial court (sic) findings on the record, we cannot say Appellant's sentence was against the manifest weight of the evidence, or 'contrary to law'." *Id.* at 7. See also, *State v. Mills* (September 25, 2003), 5th Dist. No. 03–COA–001 at paragraph, 13–15. Appellant has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters that are necessary to support Appellant's assignments of error. *Wozniak v. Wozniak* (1993), 90 Ohio App.3d 400, 409, 629 N.E.2d 500, 506; *Volodkevich v. Volodkevich* (1989), 48 Ohio App.3d 313, 314, 549 N.E.2d 1237, 1238-1239.

**{¶34}** There is no evidence in the record that the judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent factors, or giving an unreasonable amount of weight to any pertinent factor.

**{¶35}** Appellant's sole assignment of error is overruled.

**{¶36}** For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.

By: Wise, J.
Gwin, P. J., and
Delaney, J., concur.



_____

_____

_____
                                    JUDGES

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :

      Plaintiff-Appellee            :

-vs-                               :          JUDGMENT ENTRY

TIMOTHY SALTERS             :

      Defendant-Appellant     :          Case No. CT2011-0027

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.

Costs assessed to Appellant.

_____

_____

_____

JUDGES