[Cite as *State v. Locke*, 2012-Ohio-444.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

     Plaintiff-Appellee

-vs-

VINCENT ANDREW LOCKE

     Defendant-Appellee

JUDGES:
Hon. John W. Wise, P. J.
Hon. Julie A. Edwards, J.
Hon. Patricia A. Delaney, J.

Case No. 11 CA 2


O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No. 10 CR 26 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | February 6, 2012 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| CINDY M. O'NEIL | STEPHENIE N. LAPE |
| ASSISTANT PROSECUTOR | BLEILE, WITTE & LAPE |
| 19 East Main Street | 810 Sycamore Street, Fifth Floor |
| McConnelsville, Ohio 43756 | Cincinnati, Ohio 45292 |

*Wise, P. J.*

**{¶1}** Appellant Vincent Andrew Locke appeals his sentence following a conviction on five drug-related offenses..

**{¶2}** Appellee is the State of Ohio.

**{¶3}** This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

**{¶4}** "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."

**{¶5}** This appeal shall be considered in accordance with the aforementioned rule.

## STATEMENT OF THE FACTS AND CASE

**{¶6}** On August 25, 2010, Appellant Vincent Andrew Locke was indicted on seven counts of Trafficking in Drugs in violation of R.C. §2925.03 and two counts of Possession of Drugs in violation of R.C. §2925.11.

**{¶7}** On February 23, 2011, Appellant entered a guilty plea to Count II Trafficking in Cocaine, in violation of R.C. 2925.03(A)(1)(C)(4)(c), a felony of the fourth degree; Count III Trafficking in Marijuana, in violation of R.C. 2925.02(A)(1)(C)(3)(b), a felony of the fourth degree; Count IV Trafficking in heroin, in violation of R.C. 2925.03(A)(1)(C)(6)(d), a felony of the second degree; Count V Trafficking in Marijuana in violation of R.C. 2925,03(A)(1)(C)(3)(b), a felony of the fourth degree; and Count IX

Possession of Heroin, in violation of R.C. 2925.11(A)(C)(6)(d), a felony of the second degree.

{¶8} On April 20, 2011, at the sentencing hearing, the prosecuting attorney spoke for the State, setting forth the purpose and principles of sentencing and the seriousness of the convictions. The prosecuting attorney addressed the seriousness of Appellant's crimes, pointing out that at the time of the arrest, Appellant had over 100 units of heroin, 13-1/2 grams of cocaine, and over 80 grams of marijuana in his possession. The heroin alone had been purchased for $900.00 and it had a resale value of $2,000.00, a profit of $1,100.00 to Appellant had he been successful in selling same. (T. at 3-4). It was further noted that similar offenders were given sentences ranging from six to sixteen years and eleven months by the trial court. (T. at 5-6).

{¶9} Appellant's attorney and his mother also spoke on Appellant's behalf at the sentencing hearing, attributing his behavior to his age and the actions of a co-defendant. (T. at.15-16, 19-24). Appellant also addressed the court, acknowledging his youth and stated that there was nothing the co-defendant did that made him commit the crimes. He stated he had other motives. Appellant also apologized and expressed his sympathy for his family. (T. at 27).

{¶10} The trial court sentenced Appellant to one year on each of Counts II, III, and V, four years on count IX, and 3 years on Count IV. (T. at 32-33). Counts III and IV were ordered to be served concurrently, but consecutive to Count II; and Counts V and IX were to be served concurrently but consecutive to Counts II, III, and IV for a total of eight years. Id. The trial court pointed out, Count IX required mandatory prison time, and the trial judge imposed four years mandatory term. Id

**{¶11}** Appellant now appeals, assigning the following errors for review:

## ASSIGNMENTS OF ERROR

**{¶12}** "I. THE TRIAL COURT ERRED IN SENTENCING MR. LOCKE TO A MANDATORY TERM OF FOUR YEARS ON COUNT IX.

**{¶13}** "II. THE TRIAL COURT ERRED IN SENTENCING MR. LOCKE TO CONSECUTIVE TERMS."

### I., II.

**{¶14}** We shall address Appellant's assignments of error together as they both assign error to Appellant's sentencing.

**{¶15}** In his first and second assignments of error, Appellant claims that the trial court erred in sentencing Appellant to a mandatory term on Count IX and further erred in ordering his sentences be served consecutively. We disagree.

**{¶16}** In a plurality opinion, the Supreme Court of Ohio established a two-step procedure for reviewing a felony sentence. *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first step "is satisfied," the second step requires the trial court's decision be "reviewed under an abuse-of-discretion standard." *Id.*

**{¶17}** The relevant sentencing law is now controlled by the Ohio Supreme Court's decision in *State v. Foster,* i.e. " * * * trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings

or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." 109 Ohio St.3d 1, 30, 2006-Ohio-856 at ¶ 100, 845 N.E.2d 470, 498.

**{¶18}** In the first step of our analysis, we review whether the sentence is contrary to law. In the case sub judice, Appellant was sentenced for two counts of trafficking in marijuana, each a felony of the fourth degree, one count of trafficking in heroin, a second degree felony, one count of trafficking in cocaine, a fourth degree felony, and one count of possession of heroin, a second degree felony.

**{¶19}** Upon conviction for a felony of the second degree, the potential sentence that the trial court can impose is two, three, four, five, six, seven or eight years. The potential sentence for a fourth degree felony is six to eighteen months. Here, appellant was sentenced to a term of one year on each of the fourth degree felony counts, four years on the possession of heroin charge and three years on the trafficking in heroin charge, both second degree felonies. Appellant's aggregate prison term was eight years.

**{¶20}** Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. The sentences were within the statutory sentencing range. Furthermore, the record reflects that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code and advised Appellant regarding post release control. Therefore, the sentences are not clearly and convincingly contrary to law.

**{¶21}** Having determined that the sentence is not contrary to law we must now review the sentence pursuant to an abuse of discretion standard. *Kalish* at ¶ 4; *State v.*

*Firouzmandi,* supra at ¶ 40. In reviewing the record, we find that the trial court gave careful and substantial deliberation to the relevant statutory considerations.

**{¶22}** We find the trial court properly considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the applicable factors set forth in R.C. 2929.12, along with all other relevant factors and circumstances. While Appellant may disagree with the weight given to these factors by the trial judge, Appellant's sentence was within the applicable statutory range for a felonies of the second and fourth degree and therefore, we have no basis for concluding that it is contrary to law.

**{¶23}** Similarly, the trial court's consecutive sentence cannot be said to be an abuse of discretion given the circumstances here. See *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219 (an abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable.").

**{¶24}** The Supreme Court of Ohio held in *State v. Hodge,* 128 Ohio St.3d 1, 2010-Ohio-6320, "[f]or all the foregoing reasons, we hold that the decision of the United States Supreme Court in *Oregon v. Ice* [ (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517], does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in *State v. Foster.* Because the statutory provisions are not revived, trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made." See, *State v. Fry,* Delaware App. No. 10CAA090068, 2011-Ohio-2022 at ¶ 16–17.

**{¶25}** Appellant's assignments of error are overruled.

**{¶26}** For the foregoing reasons, the judgment of the Court of Common Pleas Morgan County, Ohio, is affirmed.

By: Wise, P. J.

Edwards, J., and Delaney, J., concur.

_____

_____

_____

JUDGES

IN THE COURT OF APPEALS FOR MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee             :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
VINCENT ANDREW LOCKE                   :
                                       :
    Defendant-Appellee             :          Case No. 11 CA 2


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morgan County, Ohio, is affirmed.

Costs assessed to Appellant.


_____

_____

_____

JUDGES