[Cite as *State v. Drummer*, 2012-Ohio-1808.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. CT2011-0039 |
| ANDRE D. DRUMMER | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common
                            Pleas, Case No.  CR2011-0060


JUDGMENT:                   Affirmed


DATE OF JUDGMENT ENTRY:     April 23, 2012


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

MICHAEL HADDOX                        ERIC J. ALLEN
PROSECUTING ATTORNEY                  THE LAW OFFICE OF ERIC J. ALLEN LTD
ROBERT L. SMITH                       713 South Front Street
ASSISTANT PROSECUTOR                  Columbus, Ohio  43206
27 North Fifth Street
Zanesville, Ohio  43702

*Wise, J.*

**{¶1}** Defendant-Appellant Andre Drummer appeals his sentence on one count of forgery and one count of theft by deception following a plea in the Muskingum County Court of Common Pleas.

**{¶2}** Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE CASE AND FACTS

**{¶3}** On March 9, 2011, Appellant Andre Drummer was indicted on several charges relating to the presentment of forged checks at the local Pick & Save in Zanesville, Ohio.

**{¶4}** Ultimately, at his change of plea hearing on July 5, 2011, Appellant pled guilty to one count of forgery (uttering) and one count of theft by deception, both felonies of the fifth degree.

**{¶5}** As a part of his plea and prior to his sentencing, the Prosecutor and Appellant's defense attorney came to an agreement of a recommendation of seven (7) months in prison on the charges. At the change of plea hearing after Appellant changed his pleas to guilty, a presentence investigation was ordered and a date for sentencing was set for August 15, 2011.

**{¶6}** At sentencing, Appellant's counsel informed the trial court that Appellant accepted responsibility for his actions, was very remorseful, and was prepared to change his life to be a better person. Appellant's counsel also advised the trial court that Appellant is married and suffers from kidney problems, for which he sees a doctor. Finally, counsel made the trial court aware of the fact that Appellant's co-defendant on

the case, who was charged with similar charges, also received a seven (7) month prison sentence for his role in the crimes charged.

{¶7} The trial court sentenced Appellant to ten (10) months in prison on each of the charges to be served concurrently and with credit for time served. Additionally, the trial court ordered Appellant to pay restitution to the Pick & Save.

{¶8} Defendant-Appellant now appeals, assigning the following error for review:

## ASSIGNMENT OF ERROR

{¶9} "I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO MORE THAN THE AGREED UPON SENTENCE OF SEVEN MONTHS."

### I.

{¶10} In his sole Assignment of Error, Appellant argues that the trial court erred in imposing the sentence herein. We disagree.

{¶11} In a plurality opinion, the Supreme Court of Ohio established a two-step procedure for reviewing a felony sentence. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first step "is satisfied," the second step requires the trial court's decision be "reviewed under an abuse-of-discretion standard." Id.

{¶12} The relevant sentencing law is now controlled by the Ohio Supreme Court's decision in *State v. Foster*, i.e. " * * * trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings

or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." 109 Ohio St.3d 1, 30, 2006-Ohio-856 at ¶ 100, 845 N.E.2d 470, 498.

{¶13} In the first step of our analysis, we review whether the sentence is contrary to law. In the case sub judice, Appellant was sentenced on one count of forgery and one count of theft by deception, both fifth degree felonies.

{¶14} Upon conviction for a felony of the fifth degree, the potential sentence that the trial court can impose is a mandatory prison term of six, seven, eight, nine, ten, eleven or twelve months.

{¶15} Here, as set forth above, Appellant was sentenced to a term of ten months on each count, to run concurrently.

{¶16} Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. The sentences were within the statutory sentencing range.

{¶17} Furthermore, the record reflects that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code and advised Appellant regarding post release control.

{¶18} We therefore find that the sentences are not clearly and convincingly contrary to law.

{¶19} Having determined that the sentence is not contrary to law we must now review the sentence pursuant to an abuse of discretion standard. *Kalish* at ¶ 4; *State v. Firouzmandi, supra* at ¶ 40. In reviewing the record, we find that the trial court gave careful and substantial deliberation to the relevant statutory considerations.

**{¶20}** We find the trial court properly considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the applicable factors set forth in R.C. 2929.12, along with all other relevant factors and circumstances. While Appellant may disagree with the weight given to these factors by the trial judge, Appellant's sentence was within the applicable statutory range for felonies of the fifth degree and therefore, we have no basis for concluding that it is contrary to law.

**{¶21}** Similarly, the trial court's consecutive sentence cannot be said to be an abuse of discretion given the circumstances here. See *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219 (an abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable").

**{¶22}** The Supreme Court of Ohio held in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, "[f]or all the foregoing reasons, we hold that the decision of the United States Supreme Court in *Oregon v. Ice* [ (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517], does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in *State v. Foster*. Because the statutory provisions are not revived, trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made." *See, State v. Fry*, Delaware App. No. 10CAA090068, 2011-Ohio-2022 at ¶ 16–17.

**{¶23}** We further note that the negotiated agreement Appellant signed on July 5, 2011, acknowledged that the trial court was not bound by the prosecutor's recommendation. The trial court was not a party to the agreement between the Appellant and the State.

**{¶24}** "A trial court does not err by imposing a sentence greater than 'that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor.' " *State ex rel Duran v. Kelsey*, 106 Ohio St.3d 58, 2006-Ohio-3674; *State v. Buchanan*, 154 Ohio App.3d 250, 2003-Ohio-4772, 796 N.E.2d 1003, ¶ 13, quoting *State v. Pettiford* (Apr. 22, 2002), Fayette App. No. CA2001-08-014.

**{¶25}** There is no evidence in the record that the judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent factors, or giving an unreasonable amount of weight to any pertinent factor.

**{¶26}** Appellant's sole Assignment of Error is overruled.

**{¶27}** For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.


By: Wise, J.

Hoffman, J. and

Farmer, J. concur

_____

_____

_____

JUDGES

JWw/d 0329

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee                 :
                                       :
-vs-                                   :            JUDGMENT ENTRY
                                       :
ANDRE D. DRUMMER                       :
                                       :
    Defendant-Appellant                :            Case No. CT2011-0039


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.

Costs assessed to Appellant.


_____

_____

_____

                  JUDGES